**LANE, Ltd., Plaintiff,**
v.
**LARUS & BROTHER COMPANY, Incorporated, Defendant.**

United States District Court
S. D. New York.
April 23, 1956.

See also D.C., 136 F.Supp. 299.

Nathan A. Markowitz, New York City, for plaintiff.

DeWitt, Van Aken & Nast, New York City, for defendant (Thomas A. Diskin and William R. Lonergan, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

Defendant moves to quash the service of summons and complaint on it on the ground that it is a foreign corporation not doing business in this district, and on the further ground that the person upon whom the process was served is not its general or managing agent.

Defendant is a Virginia corporation engaged in the manufacture and sale of cigarettes and smoking tobacco at Richmond and is not authorized to do business in this state, and maintains no office here in its name and has no bank accounts or telephone listings in this state.

This motion raises again the recurring question of "doing business" and the reasonableness in requiring a corporation to defend a particular suit away from its legal domicile. We have been told that the answer to this problem is in the appraisal of its contacts with the forum and an estimate of attendant inconveniences. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

As appears from affidavits submitted by defendant the following contacts within this state are admitted: Its products are sold in this state through independent distributors and it

employs the services of an independent premium redemption service in this city but advertises that place on its coupons and gift catalogues as its Premium Department. For the last 18 years it has employed a man named Smith in New York City who maintains an office there and is reimbursed for the rent thereof by the defendant. Smith's salary is $625 a month plus expenses and he in turn is furnished the services of a secretary whose salary is paid directly by defendant. Smith is also furnished an automobile by defendant which he uses in its business, and such automobile is registered in the name of defendant and the operating expenses of such automobile, including gasoline, storage and repair, are paid by defendant. Defendant also reimburses Mr. Smith for his hotels, meals, telephone and carfare. Advertently or inadvertently, the affidavit of Smith does not disclose his title. However, there has been submitted on the argument letters sent to plaintiff signed by Smith in which he describes himself as defendant's Regional Sales Manager.

Defendant also employs in this area others, the number not disclosed, who "solicit and promote sales." Mr. Smith describes his activity on behalf of defendant as doing "certain sales promotion work." His most important duties consist of visiting the distributors of defendant's products, advising them on their displays, arranging for the removal of stale cigarettes and running down complaints. Defendant also employs in this city the services of an independent advertising agency in connection with its national advertising.

In the opposing affidavits allegations are made, which are not contradicted, that Smith is employed in this district to solicit orders on behalf of defendant; that he signs his letters as Regional Sales Manager of defendant and that Smith's office is used by defendant whenever its representatives are in New York. Smith has approved requests for complimentary cigarettes and paid the bills pertaining to them.

In connection with the contract sued upon plaintiff's affidavit states that at the time of the making of such contract plaintiff was introduced to Smith who was represented to be the man in New York who had handled incidental matters concerning the performance of the agreement.

While these affidavits do not fully account for all of the possible contacts they are sufficient to indicate a continuity of commercial activity within this judicial district to make it reasonable to have defendant make its defense in this forum. Ronson Art Metal Works v. Brown & Bigelow, D.C.S.D.N.Y., 104 F.Supp. 716. In many respects the activity exceeds that found by the Supreme Court in International Shoe to be sufficient to subject a corporation to State jurisdiction without offending due process. In any event such activity cannot be fairly characterized as sporadic or occasional dealing that falls short of requisite continuity for federal venue purposes. Cf. Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139.

On the issue whether or not Smith, whose exact title is not disclosed, can be considered a managing or general agent under Rule 4(d) (3), Fed.Rules Civ.Proc. 28 U.S.C.A., I find that since the defendant is "present" he is its "managing agent." Cf. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33; Lehn & Fink Products Corp. v. Milner Products Co., D.C., 117 F.Supp. 320.

Accordingly defendant's motion is denied.

This is an order. No settlement is necessary.