O. G. McCLARIN and John T. McClarin, Plaintiffs in Error,

v.

BOEING AIRPLANE COMPANY, a Foreign Corporation, Defendant in Error.

No. 38269.

Supreme Court of Oklahoma.
June 2, 1959.

**456**

Norman Barker, Tulsa, for plaintiffs in error.

Green & Feldman, W. E. Green, Raymond G. Feldman, William S. Hall, George A. Farrar, Tulsa, for defendant in error.

PER CURIAM.

O. G. McClarin and John T. McClarin are the owners of fifty acres of farm land located near the town of Skiatook, Oklahoma. The improvements thereon consisted of a modern house, a barn and other outbuildings. They operated and maintained a dairy herd as well as a herd of beef cattle upon said premises.

They alleged in their petition that on or about March 29, 1957, the Boeing Airplane Company was operating a large bomber airplane at a low altitude immediately over their land and without their permission; that the bomber exploded over

such premises resulting in the alleged damages to the buildings and cattle; that the Boeing Airplane Company maintains its headquarters and factory at Wichita, Kansas; that it had not complied with the provisions of 18 O.S.1951 § 472; and that it is a foreign corporation, doing business within this state.

Summons was issued to the Boeing Airplane Company and served upon the Secretary of State as provided in said section 472.

The Boeing Airplane Company filed a special appearance and motion to quash, setting forth that it was a foreign undomesticated corporation doing no business within the State of Oklahoma within the contemplation of the statutes of this state.

Defendant's motion was supported by affidavit showing that Boeing Airplane Company was not doing business within this state, and that it was not domesticated in this state. It therefore was not within the jurisdiction of the court, and the court acquired no jurisdiction over said company by the issuance and service of said summons, and the trial court so held, resulting in this appeal.

Plaintiffs contend that the defendant, in operating an airplane over the roof top of their home, was of necessity doing business in this state so as to be amenable to local legal process; otherwise the accident, the explosion, and the resultant damages to their buildings and livestock could not have occurred.

The defendant in error states in its brief that "the sole question presented to the trial court on the defendant's (in error) Special Appearance and Motion to Quash was whether the defendant, a foreign corporation, not domesticated within the State of Oklahoma was transacting business within the state;" and argues that the order and judgment of the trial court sustaining defendant's motion to quash, being supported by ample evidence and there being no contradictory evidence, does not present a reviewable question. We do not agree. We think that the plaintiffs' pleadings raised the issue of whether the defendant

was "doing business" in this state so as to be amenable to local legal process.

 Where an undomesticated foreign corporation is involved, there is no set rule by which the meaning of "doing business" within the state, as contemplated by said section 472, may be determined for the purpose of making such an undomesticated foreign corporation amenable to local process. The facts and circumstances in each particular case must be determinative. See S. Howes Co., Inc. v. W. P. Milling Co., Okl., 277 P.2d 655, and cited cases. Following the reasoning of the cases cited in the dissenting opinion of the Howes case, supra, to constitute doing business in this state, so as to be amenable to local process, such a non-resident corporation's activity in the state must be substantial, continuous and regular, as distinguished from casual, single and isolated acts. However, we have modified that rule and now the test as to what activities will subject such a corporation to suit is qualitative and not simply quantitative. S. Howes Co., Inc. v. W. P. Milling Co., supra.

 No case in point is cited by either party to this action, and through our independent research we have been unable to find one. Consequently, this case is one of first impression. In this connection, however, plaintiffs in error argue in support of their contention that for the purpose of service of legal process that the defendant in error was doing business in this state, relying on the rule announced in S. Howes Co., Inc. v. W. P. Milling Co., supra, as authority to sustain their contention. We do not agree.

The trend of the modern decision as disclosed in S. Howes Co., Inc. v. W. P. Milling Co., supra, to hold the foreign corporation within strict limits of accountability in local courts does not extend to render such a corporation "present" for jurisdictional purposes by reason of the flight of its airplane across the state without the showing of additional business activities within the state.

Judgment affirmed.

HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH and IRWIN, JJ., concur in result.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.