**Edwin A. WALKER, Appellant,**

v.

**FIELD ENTERPRISES, INC., a foreign corporation doing business under the style of The Chicago Daily News, Appellee.**

No. 7428.

United States Court of Appeals
Tenth Circuit.

June 5, 1964.

Clyde J. Watts, Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for appellant.

V. P. Crowe, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl. (Paul R. McDaniel, Oklahoma City, Okl., and Thomas R. McMillen, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The appellant Walker brought this action in the United States District Court for the Western District of Oklahoma, seeking to recover general and punitive damages from the defendant-appellee for distributing an allegedly libelous article to be published in an Oklahoma news-

paper. The defendant objected to the jurisdiction of the court and moved to quash the service of summons and dismiss the action on the ground that it was not "doing business" within the state so as to be amenable to process by service upon the Secretary of State of Oklahoma, as provided for in 18 O.S.1961 § 1.204a. This is an appeal from an order sustaining the objection to the jurisdiction and dismissing the action.

The article upon which the alleged libel is predicated is the same as was involved in Walker v. General Features Corp., 10 Cir., 319 F.2d 583. Field Enterprises, Inc. is the publisher of the Chicago Daily News which supplied the column to the General Features Corporation, which in turn furnished it to the Oklahoma City Times. Appellee's other activities which appellant urges constitute "doing business" include: sending 26 copies of daily newspapers by mail to subscribers in Oklahoma; sending syndicated material by wire or mail to nine newspapers in Oklahoma; sending a representative through Oklahoma twice a year for two or three days to contact customers and prospective purchasers; and having a reporter in Tulsa for about a week in early 1962 to cover a seminar wholly unrelated to the article involved in this case. The appellee is a Delaware corporation with its principal place of business in Chicago, Illinois; it is not licensed to do business in Oklahoma and has no registered agent for service of process there; it has no property, office, telephone, agents or reporters there, and a representative who passes through twice a year has no control over the material sold nor the customers purchasing or using it; no accounts are collected in Oklahoma as all are paid by check in Chicago; and no contracts are made nor is any advertising solicited in Oklahoma.

The question of whether the activity of the defendant constitutes "doing business" for jurisdictional purposes depends upon state or local law. Analagous circumstances and the applicable state law were considered in Walker v. General Features Corp., supra, in which it was held that General Features Corp. was not doing business within the state of Oklahoma that would authorize service upon the Oklahoma Secretary of State under 18 O.S.1961 § 1.204a. On the authority of that case and the Oklahoma authorities cited therein, the judgment is affirmed.