Barbara Tacker **RUSSELL**, Plaintiff,

v.

**CITY STATE BANK OF WELLINGTON, TEXAS**, Defendant.

Civ. No. 66–367.

United States District Court
W. D. Oklahoma.

Feb. 21, 1967.

H. K. Myers, Jr., Hollis, Okl., for plaintiff.

John B. Dudley, Oklahoma City, Okl., Crenshaw, Dupree & Milam, Lubbock, Tex., for defendant.

## ORDER

DAUGHERTY, District Judge.

The Court has held an evidentiary hearing and received arguments on the defendant's Motion to Dismiss for lack of jurisdiction by reason of unauthorized personal service on the non-resident State Bank. Following this hearing, the plaintiff filed a Motion pursuant to Rule 34, F.R. Civ.P., 28 U.S.C.A., for the following categories of documents: (1) Installment and Commercial Loan Ledgers, both current and closed out; (2) Installment and Commercial Loan Notes, both current and closed out; (3) Commercial and Savings Account Records; (4) List of Current Depositors and their mailing addresses; (5) Correspondent Bank Ledger; and, (6) Certificate of Deposit Records for the month of April, 1966, including void or cancelled Certificates. Also, the plaintiff has filed a Motion to Stay the Court's decision on the jurisdictional question under Rule 7(b), F.R. Civ.P., 28 U.S.C.A., pending the above discovery. The purpose of plaintiff's discovery Motion, if it is relevant to the jurisdictional issue, is to secure disclosure of defendant's business activities which will provide factual support for "long-arm" service on the non-resident defendant in satisfaction of the statutory requirements of 12 Oklahoma Statutes § 1701.03 or 12 Oklahoma Statutes § 187.

The foregoing statutes permit the Court to exercise personal jurisdiction over a non-resident on a cause of action arising from the commission of acts enumerated therein. Therefore, it is clear that unless the cause of action in this case has a permissible connection with the enumerated jurisdictional bases, the discovery Motion would be an exercise in futility and the Court would be justified in denying non-relevant discovery. The defendants have not contended the Oklahoma "long-arm" statutes are unconstitutional, but they argue the statute is inapplicable to the instant factual situation.

The Complaint is one entitled "Complaint for Conversion" based upon the alleged tortious conversion on April 19, 1966, of a Certificate of Deposit in the amount of $10,000.00 by defendant in Wellington, Texas. The Complaint contains the following substantive allegations: "On or about the 19th day of April, 1966, defendant, its officers and directors, converted to their own use, one Certificate of Deposit No. 796, by making said Certificate of Deposit payable to plaintiff or Dean Russell, contrary to the instructions of the plaintiff, and there-

upon, the said, Dean Russell, assigned the Certificate of Deposit to the defendant. * * *."

A succinct summary of plaintiff's position is that the intent and purpose of the "long-arm" statutes require a favorable decision in her behalf and she further avers 12 O.S. § 1701.03 (Uniform Interstate and International Procedure Act) is statutory evidence of liberal Oklahoma philosophy on extrastate service of summons. Of the seven enumerated jurisdictional bases in 12 O.S. § 1701.03(a) the following are alleged to be specifically pertinent herein: (a) (1) transacting any business in the state; (a) (2) contracting to supply services or claims in this state; and, (a) (7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States. Superintending the foregoing jurisdictional grounds is the qualifying language of paragraph (a) "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, *as to a cause of action or claim for relief arising from the person's.*" (Italicizing ours.)

The plaintiff admits that the alleged tortious wrong of conversion occurred in Texas, but also contends (in the context of the statute) the conversion arose from defendant's transacting business in Oklahoma, or from defendant's contracting to supply things in Oklahoma, or from maintaining any relation to this state or to persons, including support actions, which is authorized by the Constitution and Supreme Court. Plaintiff supports her position, inter alia, by a tenuous tracing of facts as follows: (1) that the act of conversion was calculated to have an effect or repercussion in Oklahoma; (2) the relationship of defendant to Dean Russell and the subsequent relationship of Dean Russell to plaintiff under the financing agreement; (3) the repossession of cars belonging to Dean Russell pursuant to the financing agreement in Oklahoma, and (4) the business transactions of defendant with other Oklahoma residents.

■ The precise question in this case is whether or not the cause of action in tort for conversion in a foreign state arose out of a business transaction or contract in Oklahoma under clauses (1), (2), or (7) of 12 O.S. § 1701.03(a). The locus of plaintiff's cause of action is Texas and under Oklahoma and Texas law the conversion is complete when the holder of personal property asserts rights inconsistent with the title of the owner. Neyland v. Brammer, Tex.Civ.App., 73 S.W. 2d 884; Benton v. Ortenberger, Okl., 371 P.2d 715. There is no allegation that any part of the tortious wrong was initiated or completed in Oklahoma or that the consequences were suffered here under clauses (3) and (4).

In briefing this question the plaintiff has cited the following cases for the Court's consideration: International Shoe Company v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Simms v. Hobbs, 411 P.2d 503 (Okl.1966); Bramlett v. Arthur Murray, Inc., 250 F.Supp. 1011 (D.S.C.1966). International Shoe is the touchstone for testing assertions of jurisdiction but the narrow question was whether a corporation that sent salesmen into the state to solicit orders was subject to the state's jurisdiction. The Supreme Court held the foreign corporation could be subjected to jurisdiction of a Washington Court after service on it at its home office in another state on a cause of action arising out of activities carried on in Washington. In McGee the Supreme Court upheld the jurisdiction of a state court in a suit based on a contract which had substantial connection with the state. The Oklahoma Supreme Court upheld the New Mexico long arm statute on a constitutional challenge where an Oklahoma resident executed a written contract in New Mexico in Simms v. Hobbs. Finally, in Bramlett in a suit brought in South Carolina the defendant

Delaware corporation had the necessary "minimum contacts" because of its dance instruction franchise agreements and controls over South Carolina dealers.

In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) the trend toward expanded jurisdiction by lowering the requirements of due process was unmistakably slowed in the words of Chief Justice Warren: "But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts." The Supreme Court was careful to emphasize therein that the cause of action was not one that arose out of an act or transaction consummated in the forum state.

■ The plaintiff's authorities do not answer the critical issue herein where the cause of action is a foreign tort and the minimum contacts giving rise to suit in another state are alleged to be other contractual or business transactions in the forum state. The commission of a tortious wrong in Texas does not render service on a Texas defendant proper in Oklahoma where it was not found in Oklahoma, does not own property in Oklahoma, there is no contention of a foreign act with a local injury, and where there is no probative evidence of any reasonable connection of the cause of action with the business which defendant conducts in this state with other customers. Also, from a pleading standpoint the plaintiff's suit in conversion does not contain sufficient jurisdictional allegations to sustain extrastate service. If the tortious wrong is in fact related to the enumerated jurisdiction bases of clauses (1), (2), and (7), supra, it did not arise from the transaction of business or contracting in this state in a manner that renders it applicable under the Oklahoma statutes in question. Eck v. United Arab Airlines, Inc., 360 F.2d 804 (Second Cir. 1966); Rensing v. Turner Aviation Corporation, 166 F.Supp. 790, 799 (N.D.Ill.E.D.1958); Marsh v. Tillie Lewis Foods, Inc., 254 F.Supp. 490 (D.S.D., W.D.1966); Pend-

zimas v. Eastern Metal Products Corporation, 218 F.Supp. 524 (D.Minn.1961); Shriner v. Strong, 229 F.Supp. 71 (N.D. Ill.1964); Mann v. Equitable Gas Company, 209 F.Supp. 571 (N.D. of West Va. 1962); Dragor Shipping Corporation v. Union Tank Car Company, 361 F.2d 43 (Ninth Cir. 1966).

■ The plaintiff's cause of action does not arise from any contracts or business transacted by defendant in Oklahoma and the power of the Court to exercise jurisdiction is proscribed by the Oklahoma statutes and authorities to the requirements of minimum contacts. To stretch jurisdiction to the extent urged by plaintiff would do violence to the due process requirement of extraterritorial service of summons.

■ The Court has held an evidentiary hearing in this case and the defendant has testified that it does not transact business in Oklahoma, own property in Oklahoma, that all acts performed in connection with the Certificate of Deposit involved herein took place in Texas, and that the defendant has not performed any act in Oklahoma with respect to the Certificate of Deposit. The Court can find no reason to grant discovery of all of defendant's business records where the result would have no connection with the jurisdictional bases and propriety of extrastate service question. The plaintiff at the evidentiary hearing had an opportunity to present evidence establishing the necessary "minimum contacts" in Oklahoma regarding the tort of conversion sued on. This was the reason for the evidentiary hearing. The plaintiff failed in this regard. The type discovery now sought will not supply the same.

Therefore, the Motion to Stay and for production of documents will be overruled and the service of process is quashed. This Complaint is, therefore, dismissed for lack of jurisdiction of the person without prejudice to the filing of another action in an appropriate forum.