**OKLAHOMA PUBLISHING COMPANY,**
**Plaintiff,**

v.

**NATIONAL SPORTSMEN'S CLUB, INC.,**
**Defendant.**

**Civ. No. 70–479.**

United States District Court,
W. D. Oklahoma.

March 8, 1971.

Terry G. Shipley, Oklahoma City, Okl., for plaintiff.

Philip I. Palmer, Jr., Dallas, Tex., for defendant.

## 930

### OPINION AND ORDER
### OF DISMISSAL

BOHANON, Chief Judge.

The defendant, National Sportsmen's Club, Inc., has filed its Motion to Dismiss this action for lack of jurisdiction of this Court because the defendant has not transacted business within this District or within the State of Oklahoma, or committed any acts or distributed products within the State of Oklahoma or within this District so as to authorize this Court to assume jurisdiction over the defendant or the subject matter of this action.

Plaintiff relies for jurisdiction upon two Oklahoma statutes, 12 O.S.Supp. 1967 § 187 and 12 O.S.Supp.1967 § 1701.03. 12 O.S.Supp.1967 § 187 in pertinent part provides that any firm or corporation licensed to do business in Oklahoma and who does, or who has done, certain acts submits himself or itself to the jurisdiction of the Oklahoma Courts. The acts specified in the statute are:

1. The transaction of any business within the state;

2. The commission of any act within this state;

3. The manufacture or distribution of a product which is sold in the regular course of business within the state and is used within the state; or

4. Contracting to insure any person, etc.

§ 1701.03 of 12 O.S.Supp.1967 provides in essence the same as § 187, supra.

These statutes are generally referred to in the legal profession as "Long Arm Statutes."

The evidence in the case and the affidavits filed and answers to the Interrogatories show that a representative of the plaintiff solicited the defendant at defendant's office in Dallas, Texas, for an order to print a magazine for the defendant which defendant regularly mailed to the members of its organiza-

tion. The order for the magazine was signed by the defendant in Dallas, Texas, and accepted by the plaintiff in Oklahoma City, Oklahoma. The proposal provided that the Order would not become a contract between the parties until accepted by the plaintiff publishing company at its office in Oklahoma City; the evidence further shows that the defendant prints and forwards by mail to its members a monthly publication. Defendant's publications are not sold at newsstands and are not sold at all. There is no price on the cover of the magazine, and it is distributed only to members at its cost included in the membership of the respective members. The affidavit of Wayne Tiller, president of the defendant club, states that defendant has no offices in Oklahoma, it owns no property in Oklahoma, it has no bank account in Oklahoma and does not maintain any telephone listing or mailing address in Oklahoma; further, defendant is a corporation formed under the laws of the State of Texas with its only office in Dallas, Texas, and it conducts all of its business from that office; the defendant club conducts services for hunters, including the rating of guides and hunting areas, the promotion of game management and safety techniques and geological improvements; the affiant further states that he at one time came to Oklahoma to look at the issues they were printing as they were coming off the presses and returned to Texas the same day.

The Court is of the opinion that the act of signing the contract in Oklahoma by plaintiff, evidencing plaintiff's acceptance of the contract was not an act of the defendant done or performed in Oklahoma, but plaintiff's own act. The act or acts of mailing the publication by the defendant to citizens or residents of Oklahoma is not an act arising out of the transaction involved here in suit and does not constitute the distribution or sale of a product within the state so as to constitute doing business within the meaning of the statutes involved. The Court is further of the

opinion that the fact of an agent coming to Oklahoma City on one day to look at the magazine as it came off the press certainly does not constitute doing business within the state of Oklahoma, and plaintiff's cause of action, if any, does not arise from, nor is it connected with the defendant's agent in coming to Oklahoma City as aforesaid.

The Court is of the opinion and finds that the defendant has not done any act or consummated any transaction with respect to this contract within the state of Oklahoma, and for this Court to assume jurisdiction in this type of case under these facts would be offensive to the traditional notions of fair play and substantial justice.

Therefore, it is the judgment of the Court that the defendant's Motion to Dismiss should be, and the same is hereby sustained, and this cause is hereby dismissed.