**M. SUMNERS, d/b/a The M. Sumners Company, an individual, Appellant,**

v.

**CONTINENTAL COPPER & STEEL INDUSTRIES, INC., a corporation, Appellee.**

No. 294–70.

United States Court of Appeals, Tenth Circuit.

July 12, 1971.

David H. Sanders, Tulsa, Okl. (Bert McElroy and Tom Mason, Tulsa, Okl., on the brief), for appellant.

Roger R. Scott, Tulsa, Okl. (W. Bland Williamson, Tulsa, Okl., and Schuman, Pray, Scott & Livingston, Tulsa, Okl., of counsel, on the brief), for appellee.

Before SETH and HOLLOWAY, Circuit Judges, and BROWN, District Judge.

SETH, Circuit Judge.

This action began as a suit in the District Court of Tulsa County, State of Oklahoma. Plaintiff, Mr. M. Sumners, sought a declaratory judgment to determine the rights, duties and obligations of the parties arising out of an alleged contract between them. Sumners, an electrical contractor, is a citizen of Oklahoma, and Continental is a Delaware corporation, with its principal place of business located either in the State of New Jersey or the State of New York. The cause was removed by Continental to the United States District Court for the Northern District of Oklahoma on the grounds of diversity. While the cause was there pending the bulk of the damages allegedly accruing under the contract matured. Sumners amended his complaint to an action for damages, asserting Continental's failure to deliver telephone cable pursuant to the contract. Continental made a motion to dismiss the action for lack of in personam jurisdiction, and that motion was sustained. To have the issue reconsidered Sumners filed a motion for a new trial which was overruled, and this appeal followed. The issue raised on appeal is the propriety of the trial court's finding of lack of jurisdiction over Continental.

■ As noted by the trial court, amenability of this foreign corporation to the diversity suit in the federal court is determined in accordance with the law of the State where the federal district court sits. Personal jurisdiction in this case is allegedly derived from service made under the Oklahoma "long-arm" statute, 12 Okl.St.Ann. § 187 (Supp. 1970). That statute provides, in pertinent part, as follows:

"(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

"(1) the transaction of any business within this State;

"(2) the commission of any act within this State; * * *."

While Sumners also notes the applicability of other Oklahoma procedural statutes, we agree with the Oklahoma Supreme Court in Crescent Corp. v. Martin, 443 P.2d 111 (Okl.1968), that under these statutes the issues are whether or not the statutory conditions are met and if so, whether the provisions quoted above from 12 Okl.St.Ann. § 187 give rise to personal jurisdiction over the nonresident corporation. In examining the issue, the trial court reviewed the evidence and concluded that the defendant Continental did not make a voluntary entrance into the State of Oklahoma "for the purpose of transacting any business or the commission of any act out of which the present controversy arose." We cannot agree with the trial court because in our opinion the record demonstrates sufficient business contacts by Continental in connection with the contract at issue to require a finding of personal jurisdiction under the Oklahoma "long-arm" statute. The relevant facts are as follows:

In January 1969 Sumners met with representatives of defendant in Kansas City, Missouri, to discuss the possibility of Continental's supplying cable and wire to Sumners for use on certain REA projects on which he intended to bid, and an oral agreement was reached. Subsequently, Sumners was awarded contracts on two REA projects in Minnesota and one in South Dakota. Work on these projects was scheduled to begin in the spring of 1969. On March 6, 1969, Continental employed John Robert Clary, a Tulsa, Oklahoma, resident, on a

straight salary basis and rented an office for him in the L & M Professional Building in Tulsa, Oklahoma. Clary was furnished a car, office equipment, and a secretary. The record indicates that Clary's duties in Tulsa were to act as a salesman for the Oklahoma area and to work with Sumners in his bidding, and this he did. Mr. Clary testified that the Sumners account was one of his primary responsibilities, and he delivered price quotations to him after approval by the home office. Clary was employed by Continental from March 6, 1969, to August 6, 1969. While so employed he made many calls and visits on Sumners at Sumners' place of business in Tulsa. In March 1969 Clary and another employee of Continental called upon Sumners in Tulsa to discuss the South Dakota project. There were, therefore, several contacts made between the parties in Oklahoma in connection with the contract allegedly breached. Part of the cable for the South Dakota project was shipped directly from Continental's New Jersey plant to the jobsite in South Dakota. The remainder of the cable for this job was not shipped, nor was the cable for the two Minnesota projects.

■ In Crescent Corp. v. Martin, 443 P.2d 111 (Okl.1968), the Oklahoma Supreme Court held that the place of contracting was not determinative of the doing business issue. That court noted further that: "The question of application of the long-arm statute of necessity (if the same is to be accorded its full effect) depends on the totality of the contacts with Oklahoma." In the present case it is not contended that the contract was executed in Oklahoma. Nor was there to be any delivery of cable to Oklahoma under the contract; the jobsites were not in Oklahoma. However, the record clearly demonstrates that shortly after the contract was made Continental established a representative in Tulsa

who performed several duties there in connection with the contract in suit and otherwise. These activities satisfy the test as enunciated by the Oklahoma court in the Crescent case. It could hardly be considered unfair under these circumstances to expect Continental to defend a suit brought on this contract in Oklahoma. This is in accordance with the due process requirement set forth in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945), Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and subsequent cases.

■ There is one final matter. At the time the trial judge entered the order denying appellant's motion for a new trial there was an action in the United States District Court for the Southern District of New York. That action was brought by Continental against Reliance Insurance Company, Sumners' surety on the South Dakota work, seeking recovery for the purchase price of cable delivered to South Dakota and for which, because of the alleged breach, Sumners had not paid Continental. Since Sumners had an indemnification agreement with Reliance, he intervened in the New York case after the dismissal of the Oklahoma suit. Reference to Sumners' intervention in the New York action is made in the Oklahoma trial court's order overruling Sumners' motion for a new trial. Continental urges that the intervention by Sumners in the New York suit rendered the Oklahoma jurisdictional question moot, and that Sumners has technically abandoned the case in Oklahoma. We do not find that Sumners' intervention constituted an election to abandon the Oklahoma suit, nor that it rendered the Oklahoma jurisdictional question moot. The order of the trial court is reversed, and the action remanded for further proceedings.