**Floyd B. BURCHETT, Complainant-Appellee,**

v.

**BARDAHL OIL COMPANY and Nance & Associates, Ltd., Respondents-Appellants.**

No. 72–1227.

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1972.

Rehearing Denied Jan. 24, 1973.

Larry D. Patton, Oklahoma City, Okl., and William I. Rutherford, St. Louis, Mo., for respondent-appellant Bardahl Oil Co.

Floyd L. Martin, Oklahoma City, Okl., for complainant-appellee.

Before PHILLIPS, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma overruling Bardahl Oil Company's (Bardahl's) objection to jurisdiction. Following denial of Bardahl's motion for rehearing, the trial court, at Bardahl's request, amended its order to include a certification that the order involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .." 28 U.S.C. § 1292(b). The trial court additionally ordered the proceedings in the district court be stayed pending outcome of the appeal. We granted permission to appeal the order overruling Bardahl's objections to jurisdiction.

Burchett filed his complaint against Bardahl, a Missouri corporation, and Nance & Associates, Ltd. (Nance), seeking damages for fraudulent misrepresentations concerning the availability of an exclusive franchise for the sale of oil products blended and canned by Bardahl. In his complaint, Burchett main-

tained that he had entered into a written contract with Nance at Oklahoma City, Oklahoma, for the exclusive sale and distribution of Bardahl products. For the award of this exclusive distribution contract, Burchett paid $6,406. Subsequent to the execution of the contract with Nance, Burchett discovered that Bardahl's products were being distributed in Oklahoma County, Oklahoma, by another distributor, Ollie Moyer. Burchett then filed suit against Nance and Bardahl alleging misrepresentation of availability of an exclusive distributorship of Bardahl products and contending that Bardahl was amenable to suit because the actions of Nance were done with full knowledge and consent of and on behalf of Bardahl.

Bardahl thereafter appeared specially, objected to jurisdiction, and asked that the service of process be quashed and set aside. Bardahl asserted that Burchett had failed to show affirmatively that it was subject to the court's jurisdiction by virtue of the service of process under Oklahoma "long-arm" statutes. In opposition to the statement by Burchett that Nance was acting on Bardahl's behalf in the execution of the contract, Bardahl appended to its objection to jurisdiction and motion to quash and set aside service of process the affidavit of Richard F. Fecht, the vice president of Bardahl, denying any such relationship and further rebutting jurisdiction by service of process under any other provision of the Oklahoma long-arm statutes. In substance, the affidavit stated that Bardahl was not registered to do business within Oklahoma and had never been so registered; that it maintained no offices, personnel, agents, service agents or representatives within Oklahoma; that it owned no real or personal property within Oklahoma; that it did not transact business within Oklahoma nor had persons to do so on its behalf; and that it was not engaged in the sale of Bardahl products in Oklahoma. The affidavit stated the relationship between Nance and Bardahl was that of buyer and seller; that

Bardahl products were purchased and paid for by Nance and shipped by Bardahl to destinations designated by Nance; that Bardahl had no interest in the subsequent sale by Nance; and that Nance had never been authorized to make representations, to contract, or to act on behalf of Bardahl. Fecht further stated that an examination of the executed Burchett contract shows that Bardahl was nowhere named as a participant or party to the contract.

In a supplemental affidavit, Fecht acknowledged the sale of Bardahl products to Moyer, the alleged "other" distributor of Bardahl products, but stated that Bardahl had no financial interest in Moyer's business, and that Moyer was not authorized to act on Bardahl's behalf. He stated the relationship was that of buyer and seller only, and that the two isolated occasions when Bardahl had sold directly to an Oklahoma business were sales to one of Moyer's customers and the commission was paid to him.

In response, Burchett maintained that jurisdiction of the non-resident corporation, Bardahl, was proper under Oklahoma long-arm statutes. In this context he argued the shipment of products by Bardahl to individuals in Oklahoma constituted "transaction of any business" within Oklahoma under 12 O.S. § 187(a)(1). He also asserted jurisdiction was permitted under 12 O.S. § 187(a)(3) for Bardahl's "manufacture or distribution of a product which is sold in the regular course of business" within Oklahoma. He lastly asserted the alleged fraud in the offering of the distributorship is conduct "causing tortious injury" for which 12 O.S. § 1701.-03(a)(4) provides jurisdiction of the non-resident defendant.

Further proof of Bardahl's business activity in Oklahoma was offered in an affidavit of Ollie Moyer. The affidavit stated, in substance, that on September 22, 1964, Moyer entered into a written Distributor's Agreement with Bardahl to become a distributor of Bardahl products, and he eventually be-

came the distributor for the entire state. This relationship continued until the spring of 1971 when Bardahl ceased to blend and distribute Bardahl products. Moyer also stated that Bardahl, in its efforts to increase the volume of sales, had sent sales representatives to Oklahoma to assist him. He stated these visits were on an average of once every four or five weeks from September 22, 1964, until near the end of 1970. On the basis of these motions, briefs, and affidavits, the trial court determined that Bardahl's contacts within Oklahoma were sufficient to warrant jurisdiction under the Oklahoma long-arm statutes. The interlocutory order overruling appellant's objection to jurisdiction is properly presented for review under the flexible [1] provisions of 28 U.S.C. § 1292(b) as one in which an interlocutory appeal might avoid protracted and expensive litigation.[2] On appeal, we must determine whether there were sufficient facts presented to establish the requisite contact within Oklahoma to permit the trial court to assume jurisdiction. The amenability of Bardahl to the diversity suit is determined in accordance with the law of Oklahoma.[3]

◼ Appellant brought suit and obtained service of process upon Bardahl by certified mail at its offices in St. Louis, Missouri, on the basis that Bardahl was amenable to suit in Oklahoma under various provisions of the Oklahoma long-arm statutes.[4] These statutes provide essentially the same bases for the extension of jurisdiction to nonresident defendants,[5] and will be applied as such in this appeal.

◼ The Oklahoma contacts on which Burchett relies in urging the trial court's jurisdiction, broadly stated, consist of (1) the alleged Moyer distributorship agreement, and (2) the facts presented concerning the existence of a relationship between Bardahl and Nance. Our decision must be based on an analysis of those contacts. "The question of whether the activity of the defendant constitutes 'doing business' for jurisdictional purposes depends upon state or lo-

1. See Carter v. American Tel. & Tel. Co., 365 F.2d 486 (5th Cir. 1966), cert. denied, 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546.

2. Kraus v. Bd. of County Comm'rs, 364 F.2d 919 (6th Cir. 1966); United States Rubber Co. v. Wright, 359 F.2d 784 (9th Cir. 1966); see also S.Rep.No.2434, 85th Cong., 2nd sess., 1958, U.S.Code Cong. & Ad.News, pp. 5255–5258.

3. Sumners v. Continental Copper & Steel Indus., Inc., 445 F.2d 141 (10th Cir. 1971).

4. Burchett asserts jurisdiction should be sustained under certain provisions of 12 O.S.Supp.1967 § 187 which provides, in relevant part, that any firm or corporation submits itself to jurisdiction of the Oklahoma courts upon doing of the following acts:
   (1) the transaction of any business within this STATE;
   (2) the commission of any act within this STATE;
   (3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE
   . . . ..

Likewise he urges the following provisions enumerated in 12 O.S.Supp.1967 § 1701.03(a) renders Bardahl subject to the court's jurisdiction:
   (1) transacting any business in this state;
   (2) contracting to supply services or things in this state;
   (3) causing tortious injury in this state by an act or omission in this state;
   (4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

   .     .     .     .     .

   (7) maintaining any other relation to this state or to persons or property . . . which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States.

5. Oklahoma Publishing Co. v. Nat'l Sportsmen's Club, Inc., 323 F.Supp. 929 (W.D.Okl.1971); Crescent Corp. v. Martin, 443 P.2d 111 (Okl.1968).

cal law," Walker v. Field Enterprises, Inc., 332 F.2d 632, 633 (10th Cir. 1964), and depends upon the particular facts of each case.[6]

■ Burchett contends the activities of Bardahl in its relationship with Moyer, as detailed in Moyer's affidavit, sufficiently established that Bardahl was present, distributed its product, and transacted business within Oklahoma, despite Bardahl's protestations that Moyer was not acting on its behalf, to satisfy the "minimum" or "substantial contacts" requirements[7] for extending jurisdiction under Oklahoma long-arm statutes. The extension of jurisdiction based on this type of relationship has been previously approved by courts applying Oklahoma long-arm statutes.[8]

■ Jurisdiction cannot be sustained on the basis of any alleged relationship between Bardahl and Nance. The affidavit of Bardahl's vice president is uncontroverted and must therefore be taken as true.[9] The posture of the relationship between Bardahl and Moyer, however, must be determined by the opposing affidavits, each controverting the other, as to Moyer's status as a distributor and agent for Bardahl in Oklahoma. In Lane v. Larus & Brother Company, 140 F.Supp. 466 (S.D.N.Y.1956), the court, in a similar situation, denied the motion to quash on the basis that the affidavits "indicate a continuity of commercial activity within this judicial district to make it reasonable to have defendant make its defense in this forum." This would comport with Oklahoma's intention "to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the United States Constitution." [10]

The order of the trial court overruling Bardahl's objection to jurisdiction and denying its motion to quash is affirmed without prejudice to Bardahl's right to renew the objection at any proper subsequent stage of the proceedings in the case.

HOLLOWAY, Circuit Judge (concurring in the result):

The majority opinion and the Memorandum Opinion of the trial court hold that jurisdiction of the person was established sufficiently under the Oklahoma long-arm statutes, 12 O.S.A. §§ 187 and 1701. However, these statutes require that the cause of action asserted arise from the acts relied on for personal jurisdiction. See Crescent Corp. v. Martin, 443 P.2d 111, 116 (Okl.); Anderson v. Shiflett, 435 F.2d 1036, 1037 (10th Cir.); Russell v. City State Bank of Wellington, 264 F.Supp. 572 (W.D. Okl.). For this purpose the acts relied on must be those of Nance as the alleged agent of Bardahl, since the cause of action asserted arose therefrom. However, as the majority opinion recognizes, jurisdiction cannot be sustained on this basis because the affidavit of Bardahl's Vice President is uncontroverted in its denial that Nance had any authority to act for Bardahl. Therefore, I do not feel that jurisdiction of the person can be sustained under the long-arm statutes.

6. Fawcett Publications, Inc. v. Morris, 377 P.2d 42 (Okl.1962), appeal dismissed, 376 U.S. 513, 84 S.Ct. 964, 11 L.Ed.2d 968, reh. denied, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217; McClarin v. Boeing Airplane Company, 340 P.2d 455 (Okl.1959).

7. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

8. Bartlett-Collins Co. v. Surinam Navigation Co., 381 F.2d 546 (10th Cir. 1967); Abel v. Albina Engine and Mach. Works, 284 F.2d 510 (10th Cir. 1960); Fawcett Publications, Inc. v. Morris, supra; Superior Distributing Corp. v. Hargrove, 312 P.2d 893 (Okl.1957).

9. Grantham v. Challenge Cook Bros., Inc., 420 F.2d 1182 (7th Cir. 1969); Kenitex Corp. v. Coryell, 352 P.2d 894 (Okl. 1960). But see Marathon Battery Co. v. Kilpatrick, 418 P.2d 900 (Okl.1965).

10. Hines v. Clendenning, 465 P.2d 460, 462 (Okl.1970).

Nevertheless, I feel that under other statutes there was sufficient activity by Bardahl shown in order to sustain jurisdiction due to Bardahl's presence by engaging in or transacting business in Oklahoma. The facts concerning the distributorship arrangement with Moyer, visits by Bardahl's sales representative, and two direct sales in Oklahoma to one of Moyer's customers have been enumerated. While the question is not free from doubt, I believe that under recent Oklahoma decisions these circumstances are sufficient for jurisdiction on the basis that the foreign corporation was engaging in or transacting business in the state. See 18 O.S.A. §§ 1.17 and 1.204a; Sweeney Co. v. Colorado Interstate Gas Co., 429 P.2d 759 (Okl.); Fawcett Publications, Inc. v. Morris, 377 P.2d 42 (Okl.), cert. denied, 376 U.S. 513, 84 S. Ct. 964, 11 L.Ed.2d 968; and see 12 O.S.A. § 153.1 (regarding method of service).