Charles E. GEORGE and Marilyn Pegg Synco, Individually and on behalf of Michael James Pegg and Debra Sue Pegg, minors, Plaintiffs-Appellants,

v.

STRICK CORPORATION, a Pennsylvania corporation et al., Defendants-Appellees.

Nos. 73–1124, 73–1125.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 12, 1973.

Decided April 26, 1974.

Rehearing Denied May 22, 1974.

John W. Norman of Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman, Oklahoma City, Okl., for plaintiffs-appellants.

William G. Smith of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant-appellee Strick Corp.

Before LEWIS, Chief Judge, and MURRAH and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

Charles George and Marilyn Synco appeal from orders of the trial court dismissing two related diversity tort actions against a nonresident defendant for lack of *in personam* jurisdiction due to insufficient service under 12 O.S. § 1701.01 et seq. (1965 Supp.). This legislation is derived from the Uniform Interstate and International Procedure Act and the full text is pertinent to an understanding of our question: [1]

§ 1701.01 "Person" defined

As used in this Article, "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, whether or not a citizen or domiciliary of this state and whether or not organized under the laws of this state.

§ 1701.02 Personal jurisdiction

A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his principal place of business in this state as to any cause of action or claim for relief.

§ 1701.03 Bases of jurisdiction

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or things in this state;

(3) causing tortious injury in this state by an act or omission in this state;

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(5) having an interest in, using, or possessing real property in this state; or

(6) contracting to insure any person, property, or risk located within this state at the time of contracting; or

(7) maintaining any other relation to this state or to persons or property including support for minor children

---

[1]. Oklahoma has three other apparently viable statutes which can be used to obtain jurisdiction over out of state defendants: 12 O.S. § 187, 18 O.S. § 1.17 and § 1.204a. Judge Holloway concurring in Burchett v. Bardahl Oil Company, 470 F.2d 793 (10th Cir. 1972). Section 187, enacted in 1963, is "somewhat similar" to § 1701.01 et seq., and for purposes of our case provides the same basis for jurisdiction. Crescent Corporation v. Martin, 443 P.2d 111, 113 (Okl.1968). *See* Precision Polymers, Inc. v. Nelson, 512 P. 2d 811 (Okl.1973).

who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States.

(b) When jurisdiction is based solely upon this section, the defendant's appearance does not authorize the exercise of personal jurisdiction except as to a cause of action or claim for relief arising in the circumstances enumerated in this section.

Since plaintiffs relied exclusively on § 1701.03, the validity of service of process must depend upon the application of that statute as interpreted by the Oklahoma courts.

The facts are undisputed and simply stated. Plaintiff, George, and the decedent of plaintiff Synco, employees of Transcon Lines, picked up a trailer in Albuquerque, New Mexico, manufactured by defendant Strick Corporation. A highway accident in New Mexico allegedly caused by defective brakes on the trailer resulted in the death of Synco's spouse and injury to George. These diversity suits were commenced in Oklahoma and service of process was attempted under § 1701.01 et seq., by obtaining service on Strick's service agent in Texas in accordance with an order of the trial court. Strick moved to dismiss, alleging insufficient service to confer *in personam* jurisdiction, pointing out that the accident did not occur in Oklahoma, that Strick was not licensed to do business in the state and that the cause of action did not arise out of any of its activities within the State of Oklahoma. Plaintiffs, however, base their jurisdictional claim upon the admitted fact that prior to and after the accident in question Strick Corporation sold a quantity of its trailers to Lee Way Motor Freight of Oklahoma City; that it was therefore "doing business" in Oklahoma and amenable to service of process under § 1701.01 et seq., even though such busi-

ness was wholly unrelated to the asserted cause of action.

■ Assuming arguendo that Strick's sales of trailers to Lee Way constituted the "transacting [of] any business" within the State of Oklahoma, the threshold and we think decisive issue is whether § 1701.03 requires that the asserted cause of action arise from Strick's activities within the state. We are of the opinion that this section of the statute as authoritatively interpreted by Cresent Corporation v. Martin, 443 P.2d 111, 113 (Okl.1968), clearly does require that the cause of action arise from activities within the state and affirm the judgment.

Appellants meet the statutory "arising from" provision with the argument that since the due process clause of the United States Constitution, as interpreted by Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), does not prohibit Oklahoma courts from acquiring *in personam* jurisdiction in this type of case, and inasmuch as the Oklahoma Supreme Court in Vemco Plating, Inc. v. Denver Fire Clay Co., 496 P.2d 117, 119 (1972), and Hines v. Clendenning, 465 P.2d 460, 462 (1970), has stated, as a general proposition, that § 1701.01 et seq., "was intended 'to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the' United States Constitution's due process requirements," we should conclude that the "arising from" requirement contained in the statute is obviated.

■ Appellants' premise, though facially plausible, is based on a misconstruction or a misapprehension of both federal and state law. In the first place it is important to understand that the pertinent federal cases do not compel state courts to open their doors to every suit which meets the minimum contacts requirements of the due process clause of the federal constitution. Thus, in *Perkins,*[2] although the Supreme Court

2. In the same case the Ohio Supreme Court concluded that it would violate the due process clause of the United States Constitution to subject a foreign corporation doing busi-

could find no due process requirement which would prohibit the State of Ohio from opening its doors to a cause of action which did not arise from acts within the forum, it was at pains to point out that "[t]he suggestion that federal due process *compels* the State to open its courts to such a case has no substance." [3] 342 U.S. at 440.

■ Secondly, appellants misapprehend Oklahoma law as interpreted in the *Vemco* and *Hines* cases. In *Vemco*, the asserted cause of action *did* arise out of the defendant's manufacture of parts for a furnace used within the state and the Oklahoma Supreme Court had no occasion to deal with the specific question presented here. In *Hines*, although the court recognized that the cause of action in a divorce case did not classically arise out of the Oklahoma marriage contract, it was quick to emphasize that "the wife . . . was effectively abandoned in Oklahoma . . ." (465 P.2d at 463), thereby establishing at least a tenuous link to the statutory requirement. Neither case expressly repudiated *Crescent* or any portion of § 1701.01, et seq., in which the legislature clearly evidenced an intent in § 1701.02 and in § 1701.03 to differentiate between persons located in or organized

under the laws of the state and the transitory activities of nonresidents. In § 1701.02, the legislature granted *in personam* jurisdiction "as to any cause of action or claim for relief"; in § 1701.03, the legislature was careful to spell out the basis for *in personam* jurisdiction and to specify that the cause of action must arise from the specifically enumerated acts of a nonresident defendant. In light of such clear legislative intent we think the cited language in *Vemco* and *Hines* means simply that § 1701.03 authorizes *in personam* jurisdiction to the outer limits of due process *when and only when the asserted cause of action arises from the defendant's activities within the state.*[4] Consistent with this interpretation,[5] the most recent Oklahoma Supreme Court case construing §§ 187 and 1701.01 et seq., has noted that the statutes are jurisdictionally the same and quotes from *Crescent* to the effect that "it must also appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction *in personam* of said defendant under the cited statute." Precision Polymers, Inc. v. Nelson, 512 P.2d 811 (Okl.1973).

Affirmed.

ness in Ohio to service of summons in order to enforce a cause of action in no way related to the business activities of the corporation in the state.

3. Appellants call our attention to three cases which hold that the cause of action need not arise from the defendants' activities within the forum state: Deloro Smelting and R. Co. v. Engelhard Minerals & C. Corp., 313 F.Supp. 470 (N.J.1970) ; Taisho Fire & Marine v. Vessel Montana, 335 F.Supp. 1238 (N.D.Cal.1971) ; Volkswagen Interamericana, S.A. v. Rohlsen, 360 F.2d 437 (1st Cir. 1966). The first two cases cite statutes which do not contain a specific "arising from" requirement, and the latter case outlines federal due process requirements for service of process upon corporations foreign to the United States. All three cases rely upon Perkins v. Benguet Mining Co., 342 U. S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), and are consistent with it, but we do not think they are directly relevant to our consideration of § 1701.03.

4. The State of Maine also has a "long-arm" statute with an express "arising from" requirement. Courts interpreting that law have required a "direct causal connection" between an act in that state and the cause of action. Dufour v. Smith & Hamer, Inc., 330 F.Supp. 405, 407 (S.D.Me.1971).

5. This court in Burchett v. Bardahl Oil Company, 470 F.2d 793 (10th Cir. 1972), upheld jurisdiction under § 1701.01 et seq., in a complex factual situation which some may read as not having arisen from the defendant's activities within the state. But that case did not expressly hold that the "arising from" requirement, noted in Judge Holloway's concurrence, was not operative and we do not so interpret it. Moreover, federal courts before and after the *Bardahl* decision have interpreted § 1701.03 in a manner consistent with our own. *See* Judge Daugherty's opinions in Garrett v. Levitz Furniture Corporation, 356 F.Supp. 283 (N.D.Okl. 1973), and Russell v. City Bank of Wellington, Texas, 264 F.Supp. 572 (W.D.Okl. 1967).