**Hadley PULLEN, Executor for the Estates of Winifield Pullen and Katharine Pullen, Deceased,**

**and**

**Barbara Ann Berryman, Administratrix of the Estates of Alfred Keith Berryman and Glenna D. Berryman, Deceased, Plaintiffs-Appellants,**

**v.**

**Darrold HUGHES, Individually, et al., Defendants,**

**Mansfield Tire and Rubber Company, an Ohio corporation, Defendant-Appellee.**

**Nos. 72–1779, 73–1049.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 23, 1973.

Decided June 22, 1973.

Maxwell S. Osborn of Osborn & Grant, Cheyenne, Wyo., Donald R. Nelson and James J. Johnston, Denver, Colo., for plaintiffs-appellants in No. 72–1779.

Richard W. Bryans of Lee, Bryans, Kelly & Stansfield, Denver, Colo., and Maxwell E. Osborn, of Osborn & Grant, Cheyenne, Wyo., for plaintiffs-appellants in No. 73–1049.

Walter A. Steele, Denver, Colo., for defendants.

Carl L. Lathrop, David D. Uchner and R. Michael Mullikin, Cheyenne, Wyo., for defendant-appellee.

Before LEWIS, Chief Judge, Mc-WILLIAMS, Circuit Judge, and LARA-MORE,* Senior Judge.

LARAMORE, Senior Judge.

Appellants seek review of the lower court's orders to dismiss the wrongful death actions brought against defendant-appellee, Mansfield Tire & Rubber Co. The issue raised herein is whether the U.S. District Court for Wyoming has jurisdiction over defendant by virtue of the Wyoming "long-arm statute."

The wrongful death actions brought by appellants against several defendants, including Mansfield, arise out of a September 3, 1970 truck-car collision in the state of Wyoming, in which four of appellants' relatives were killed. Appellants allege that the left front tire of a truck owned by True Drilling Co., and operated by its employee, had a blowout causing the vehicle to swerve to the left into the path of decedents' oncoming car, resulting in a collision and death of said decedents. Appellants further allege that Mansfield negligently manufactured the tire which had a blowout.

Defendant Mansfield, being an Ohio corporation not licensed to do business in Wyoming, was served with a copy of the Summons and Complaint by registered mail by the Clerk of the U.S. District Court for Wyoming, pursuant to Wyoming's "long-arm statute," section 5–4.2,[1] after affidavits had been sworn

---

* Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

1. "Section 5–4.2 Same—Personal jurisdiction where otherwise not provided by law.—

(a) In addition to all other bases of jurisdiction otherwise authorized or provided by law, any court of this state may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(i) transacting any business in this state;

(ii) contracting to supply services or things in this state;

(iii) causing tortious injury by an act or omission in this state;

out by appellants' attorneys alleging that the requisite minimal contacts necessary for said process were present. Thereafter, Mansfield filed a Motion to Dismiss on the grounds that it was not properly subject to the service of process therein. In support of said Motion, Mansfield submitted an affidavit of their Secretary—who presumably was well informed about their business operations—denying any business contact whatsoever with the state of Wyoming, which controverted the affidavits filed by appellants' attorneys. Plaintiffs-appellants offered no further sworn evidence to substantiate any of the conclusions set forth in their original controverted affidavit. After hearing arguments of counsel on the Motion to Dismiss and the filing of court-requested briefs, the lower court entered an order sustaining the Motion to Dismiss.

In essence, appellants maintain on this appeal that the very fact that one of defendant's tires was being used in Wyoming and that such use was reasonably foreseeable is sufficient contact with Wyoming to warrant service of process on said defendant and make them subject to the jurisdiction of the U. S. District Court for Wyoming. Appellants further contend that it was the intent of the Wyoming long-arm statute to cover situations as presented herein, so as to protect the citizens of Wyoming from tortious injury by nonresidents and save them from undue trouble, expense and perhaps unfair results in pursuing their remedies against multiple defendants in diverse and foreign forums. In support of these contentions, appellants have referred us to cases interpreting the long-arm statute of other states, *e. g.*, Gray v. American Radiator & Standard Sanitary Corp., et al., 22 Ill.2d 432, 176 N.E. 2d 761 (Ill.1961), which suggest that state long-arm statutes, if they so chose, can constitutionally permit jurisdiction in situations as presented herein.

However, the Wyoming legislature has not chosen to draw their long-arm statute as broadly as it appears they might have, but instead placed definite, specific restrictions on the circumstances under which out-of-state persons may be reached, which makes their statute and its meaning necessarily distinguishable from the broader statutes and interpretations on which appellants rely. Similarly, while appellants' policy arguments bear some persuasion, they too ignore the statute from which they must emanate. Section 5–4.2(a)(iv) provides for jurisdiction over persons whose acts or omissions outside of Wyoming cause tortious injury inside Wyoming "*if* he *regularly* does or solicits business, or engages in any other *persistent* course of conduct in this state or derives *substantial* revenue from goods consumed or services used in [Wyoming]." (Emphasis added.)

Thus, it is readily apparent that appellants' position can be sustained only in the event that they have satisfactorily established that Mansfield falls within one of the three alternative requisites of section 5–4.2(a)(iv). But appellants have provided no such evidence, except to implicitly rely on the fact that one tire being used in Wyoming constitutes evidence of Mansfield having derived "substantial revenue from goods consumed or services used in [Wyoming]." Such a substantiation untenably contradicts any normal interpretation of the word "substantial." If the Wyoming legislature had intended to permit such

(iv) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state;

(v) having an interest in, using, or possessing real property in this state; or

(vi) contracting to insure any person, property, or risk located within this state at the time of contracting.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him."

minimal contacts as the use of a single product to be sufficient to expose its manufacturer to jurisdiction, we are persuaded that they would not have used words like "regularly," "persistent" and "substantial". Thus, we must conclude that appellants have failed to establish that the requisites of section 5–4.-2(a)(iv) are met herein, and the Order of the District Court must be affirmed.