**Raymond B. WHITAKER, Plaintiff,**

v.

**The DENVER POST, INC., a Colorado Corporation, et al., Defendants.**

**Donald Ray ANSELMI, Plaintiff,**

v.

**The DENVER POST, INC., a Colorado Corporation, et al., Defendants.**

**Nos. C75–127, C75–133.**

United States District Court,
D. Wyoming.

Oct. 2, 1975.

Edward P. Moriarity, Spence & Moriarity, Casper, Wyo., appearing as counsel for plaintiff.

Paul B. Godfrey, Godfrey & Sundahl, Cheyenne, Wyo., and Robert S. Warren, Gibson, Dunn & Crutcher, Los Angeles, Cal., appearing as counsel for defendant Times Mirror.

## MEMORANDUM OPINION

KERR, District Judge.

Plaintiffs (Whitaker and Anselmi) have filed separate and independent libel actions in the state court. These cases were removed to this court under the provisions of 28 U.S.C. § 1441(c). Times Mirror, a California corporation, filed a motion for dismissal in each of the cases for lack of in personam jurisdiction in Wyoming.

The issue for decision in these cases is whether Times Mirror is qualified to do business in the State of Wyoming to bring it within the Wyoming Long-Arm Statute.

Times Mirror has no offices, place of business, assets, officers or agents in Wyoming. The Los Angeles Times is a division of the Times Mirror Company. It was in this paper that the alleged libel appeared. The paper is printed in California and has an approximate circulation in that state of one million. During the years 1971 to 1975, a maximum of 16 copies of the daily editions and 26 copies of the Sunday edition have been mailed to Wyoming subscribers. During the past three and one half years the Times Mirror has occasionally solicited advertising in Wyoming (one visit was made for this purpose by an agent of the defendant; the rest of the solicitations were by mail). Five reporters were sent into the state, three of whom were researching the allegedly defamatory articles, and one salesman was sent into this state to solicit subscriptions by Wyoming newspapers to certain syndicated features.

Personal jurisdiction over an out-of-state corporation is available under Wyoming's Long-Arm Statute, Wyo. Stat. § 5-4.2:

§ 5-4.2 Personal jurisdiction where otherwise not provided by law.
___

(a) In addition to all other bases of jurisdiction otherwise authorized or provided by law, any court of this state may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(i) transacting any business in this state;

(ii) contracting to supply services or things in this state;

(iii) causing tortious injury by an act or omission in this state;

(iv) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state;

(v) having an interest in, using, or possessing real property in this state; or

(vi) contracting to insure any person, property, or risk located within this state at the time of contracting.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Only subsections (iii) and (iv) are claimed as jurisdictional bases in this case.

■■ The Seventh Circuit has held in *Insull v. New York World–Telegram Corp.*, 273 F.2d 166 (7th Cir. 1959), cert. denied, 362 U.S. 942, 80 S.Ct. 807, 4 L.Ed.2d 770 (1960), that local distribution of allegedly libelous material originally published in another state was an inadequate basis for obtaining jurisdiction. The tortious act was committed at the place of publication—not in Illinois where several copies of the paper were distributed. The single publication rule was used to reach the conclusion. Thus, Wyo.Stat. § 5-4.2(a)(iii) is not a basis for jurisdiction since the "act" was committed in California, not in Wyoming. The Second Circuit has placed restrictions upon the use of this rule. In *Buckley v. New York Post Corpora-*

*tion,* 373 F.2d 175 (2nd Cir. 1967), the court held that the single publication rule should not be used to escape jurisdiction where "relevant connections" between the publisher and the forum state exist. In this case the large volume of intentionally sought business in Connecticut was considered sufficient basis for jurisdiction. Jurisdiction under Wyo. Stat. § 5–4.2(a)(iv) therefore is not barred by the single publication rule and the Court must determine whether defendant Times Mirror "regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state."

The Supreme Court held in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) that the existence of "minimum contacts" between the defendant and the forum justified the exercise of jurisdiction with regard to actions arising from the defendant's activity in the forum. Since that time state and lower federal courts have repeatedly been called upon to apply the minimum contact standard in libel suits involving nonresident publishers. In general, the courts have refused to find jurisdiction.

■ When applying the "doing business" provision of long arm statutes to publishers the courts have required more substantial contact than when justifying the exercise of jurisdiction over other nonresidents because of the "First Amendment considerations surrounding the law of libel," *New York Times Co. v. Conner,* 365 F.2d 567, 572 (5th Cir. 1966). Circulation of a small number of copies of a newspaper or magazine within the forum state has usually been held insufficient even when accompanied by occasional solicitation for advertising or visits by reporters. See *Buckley v. New York Times Co.,* 338 F.2d 470 (5th Cir. 1964), where limited reporting and advertising activities plus the sale of 391 daily copies and 1784 Sunday copies was held insufficient. See *New York Times*

*Co. v. Conner, supra,* where circulation of 395 daily and 2455 Sunday editions and limited reporting and advertising contacts in the state were held insufficient. In *Walker v. Field Enterprises, Inc.,* 332 F.2d 632 (10th Cir. 1964), the court held jurisdiction was lacking in Oklahoma over the newspapers which prepared the allegedly defamatory article even though the paper circulated 26 copies of its daily edition in the state, syndicated its features to nine Oklahoma papers, sent an agent into the state twice a year to promote sales and solicit advertising, and occasionally assigned reporters to cover news stories in Oklahoma. This case involves facts very similar to those involved here and would suggest that jurisdiction is lacking here as well.

The only factor which remains to be considered is that different state long arm statutes are involved. Decisions considering Wyo.Stat. § 5–4.2 are limited but do not indicate that the Wyoming provisions are broader than those of Illinois, Louisiana, Oklahoma or Alabama, where jurisdiction over out-of-state publishers has been denied. The Wyoming Supreme Court refused in *Cozzens v. Piper Aircraft Corp.,* 514 P.2d 1375 (Wyo.1973) to find jurisdiction over defendants who did several thousand dollars worth of business in the state yearly and who, in one instance had an independent distributor in the state and sent salesmen into the state every two months to solicit business. In a case arising in this District, the Tenth Circuit affirmed and held that "If the legislature had intended to permit minimal contacts to expose one to jurisdiction under this section, they would not have used words like *regularly, persistent* and *substantial* in subsection (a)(iv)." See *Pullen v. Hughes,* 481 F.2d 602.

The alleged defamation was the result of acts done outside of the State of Wyoming so that Wyo.Stat. § 5–4.2(a)(iii) fails to provide jurisdiction. The contacts of defendant Times Mirror with Wyoming were of such limited extent

that it cannot be considered as regularly doing business in Wyoming so as to allow jurisdiction under Wyo.Stat. § 5–4.-2(a)(iv).

From the foregoing, I hold that the Wyoming Long-Arm Statute is insufficient in its elasticity to acquire jurisdiction over Times Mirror and that the contacts of Times Mirror in Wyoming were of such limited extent that it cannot be considered as regularly doing business in Wyoming.