Donald P. PREHODA, Jr., Administrator of the Estate of Bruce R. Averett, Deceased, Plaintiff,

v.

EDWARD HINES LUMBER CO., a Delaware Corporation, and Raygo Wagner, Inc., formerly FWD Wagner, Inc., an Oregon Corporation, Defendants.

EDWARD HINES LUMBER CO., a Delaware Corporation, Third-Party Plaintiff,

v.

Dave CROW, Third-Party Defendant.

No. C74–36.

United States District Court, D. Wyoming.

Sept. 2, 1975.

---

Robert C. Burroughs, Ault, Colo., and David R. Nicholas of Corthell, King, McFadden, Nicholas & Prehoda, Laramie, Wyo., for plaintiff.

T. Michael Golden and John A. MacPherson, of Brimmer, MacPherson & Golden, Rawlins, Wyoming, for defendants.

## MEMORANDUM OPINION

KERR, District Judge.

The issue in this case is whether the defendant manufacturer is subject to the jurisdiction of this Court under the extra-territorial statute of this state in a "products liability" action where the product allegedly caused the injury in this state but where the manufacturer maintains no offices or agents within the state and the sale was accomplished through a third party. Plaintiff has served the defendant pursuant to Wyoming's "Long-Arm" statute, enacted in 1967, which provides:

"Personal jurisdiction where otherwise not provided by law.—(a) In addition to all other bases of jurisdiction otherwise authorized or provided by law, any court of this state may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's (i) transacting any business in this state; (ii) contracting to supply services or things in this state;

(iii) causing tortious injury by an act or omission in this state; (iv) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state; (v) having an interest in, using, or possessing real property in this state; or (vi) contracting to insure any person, property, or risk located within this state at the time of contracting. (b) When jurisdiction over a person is based solely upon this section, only a claim of relief arising from acts enumerated in this section may be asserted against him."

Raygo-Wagner, Inc., defendant, is incorporated under the laws of, and has its principal place of business, in Portland, Oregon. It manufactures log loaders, "piggy packers," container handlers, and steel workers. Raygo-Wagner is a subsidiary corporation of Raygo, Inc., a Minnesota Corporation. Raygo-Wagner has a distributorship, Howard Cooper Company of Portland, Oregon. Raygo-Wagner advertises in many trade and business publications, including, among others, "Container News," "Pulp & Paper," and "Forest & People." It markets its products nation-wide, in addition to Europe, Canada and New Zealand. It is not licensed to do business in Wyoming and has no offices, agents, or property in Wyoming.

Hines Lumber Company, in 1972, purchased what is commonly referred to as an L–90 "Lumberjack" from the Howard Cooper distributorship in Portland, Oregon. The lumberjack, or log loader, was shipped by truck from Portland to Saratoga, Wyoming, by Howard Cooper Company. On November 10, 1973, Bruce Averett was an employee of Hines Lumber. While acting 'in the course of his employment, Bruce Averett was fatally injured due to alleged defects in the manufacture and operation of the log loader. The Administrator has brought this action on behalf of the estate. It is particularly alleged in the complaint that Raygo-Wagner was negligent in:

"(a) Failing to design its . . . machine so its dangerous . . . mechanisms are within the . . . view of the operator . . . .

(b) Failing to design . . . warning devices to automatically signal actuation . . . . .

(c) Failing to provide for operator visibility of dangerous mechanisms by wide field convex mirrors . . . . .

(d) Failing to provide an audible alarm . . . .

(e) Failing to affix to the . . . machine instructions to the operator . . . . .

(f) Failing to furnish written warning instructions . . . .

(g) Failing to exercise reasonable care in manufacture and design of the machine under the standards and available technology of the industry."

Plaintiff also alleges that Raygo-Wagner breached its implied warranty of fitness for purpose; and that it sold the machine in a defective condition and that the machine was substantially unchanged.

Raygo-Wagner has moved to dismiss on the basis that it is not subject to the in personam jurisdiction of this Court.

 Whether a foreign corporation is subject to in personam jurisdiction in a diversity action has been recognized in this circuit as being an issue to be determined by application of state or local law rather than federal law. See *Walker v. General Features Corp.*, 319 F.2d 583 (10th Cir. 1963); *Litvak Meat Company v. Baker*, 446 F.2d 329 (10th Cir. 1971). This is in contrast to the disagreements arising in other circuits as to the proper standard to be applied. *See Arrowsmith v. United Press International*, 320 F.2d 219 (2nd Cir. 1963), overruling *Jaftex Corp v. Randolph*

*Mills, Inc.,* 282 F.2d 508 (2nd Cir. 1960). Further, inasmuch as the contract to purchase was entered into in Wyoming, with delivery and payment being made in Wyoming, it would appear that the State of Wyoming has the most significant relationship to the issues and the parties, and that the law of Wyoming should control all substantive issues. See *Wyoming Farm Bureau Mutual Ins. Co. v. State Farm Mut. Automobile Ins. Co.,* 467 F.2d 990 (10th Cir. 1972); Restatement: Conflict of Laws 2d, § 188 (1971).

■ This Court recently reviewed the issue of in personam jurisdiction over a nonresident party, albeit in a different factual setting. See *Leff v. Berger,* 383 F.Supp. 441 (D.C.Wyo.1974). It would be of little value to reiterate the principles of jurisdiction there discussed. Suffice it to say that due process requires that a defendant have such minimal contacts with the forum state so that maintenance of the suit does not offend traditional beliefs of fair play and substantial justice. See *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Cozzens v. Piper Aircraft Corp.,* 514 P.2d 1375 (Wyo.Sup.Ct.1973).

■■ The Wyoming Supreme Court has had occasion to consider the scope and breadth of the Wyoming "long-arm" statute set forth previously. The primary cases have been *Ford Motor Company v. Arguello,* 382 P.2d 886 (Wyo. Sup.Ct.1963) and *Cozzens v. Piper Aircraft Corp.,* above. These cases are important and bear upon the issues in this case but are not dispositive. In *Cozzens,* the action was brought in Wyoming pursuant to the extra-territorial statute of the state. It is clearly distinguishable from the present matter because the accident, which gave rise to the suit, occurred in Colorado. As stated by the Court, "[W]hen the cause arises in another state the activities of the foreign corporation must be substantial to satisfy the requirements of minimal contact." The matter of substantiability is thus

not so clearly present in the matter at bar. In *Ford Motor Company v. Arguello,* the decision was rendered prior to the adoption by Wyoming of the long-arm statute set forth above, and the basis for jurisdiction was whether the automobile company was transacting business in Wyoming. Hence, it is clear that these cases are illuminating but not determinative. It must also be remembered despite the general principles, that "each case must depend upon its own facts," *Ford Motor Company v. Arguello,* 382 P.2d at 893, above; and the burden is upon the plaintiff to establish that a basis exists for the exercise of jurisdiction over the defendant by this Court so that such exercise would not offend traditional concepts of due process. Further, "[J]urisdiction is based upon the activities of the defendants and not the activities and exigencies of the plaintiffs, and the convenience of the plaintiffs does not remove the necessity of 'minimal contacts.'" *Cozzens v. Piper Aircraft Corp.,* 514 P.2d at 1380, above.

■ The complaint in this action alleges, in essence, negligence and breach of warranty on the part of defendant. The design, construction and distribution of the log loader did not occur in Wyoming, but in Oregon. The injury fortuitously occurred in the State of Wyoming. The record does not reveal the extent of defendant's sales in Wyoming; but, according to an affidavit, it appears that defendant has no agents in Wyoming and it is alleged therein that few sales have occurred in Wyoming. Further, distribution into Wyoming was achieved by secondary means through another corporation, which it is alleged has no interest in or relationship to defendant. Given the record available, it would appear that this was a single occurrence and one injury. Faced with the argument that a single act was sufficient to confer jurisdiction, the Court, in *Ford Motor Company v. Arguello,* stated:

"Appellee suggests that *McGee v. International Life Insurance Co.,* . . . reduced the necessities to activi-

ties of a single transaction, but we hardly think this is tenable.

.    .    .    .    .    .

"However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him.    .    .    ."

*Ford Motor Company v. Arguello,* 382 P.2d at 894. Given the dictates of the afore-cited case, and the rationale of the court in *Cozzens v. Piper Aircraft,* above, it would appear that defendant does not have such "minimal contacts" as to render it amenable to the jurisdiction of this Court in conformity with the principles of due process. This opinion must be strictly limited to its facts, for it cannot be denied that the Wyoming Supreme Court has adopted a strict interpretation of its statute. In this diversity matter, the Court is obliged to follow what it believes the law in Wyoming to be.

On the basis of the foregoing reasons, the motion to dismiss will be granted and an order entered accordingly.