William L. YARBROUGH, Plaintiff-Appellee,

v.

ELMER BUNKER & ASSOCIATES, Auctioneers, and Elmer Bunker, individually, Defendants-Appellants.

No. 80–1254.

United States Court of Appeals, Tenth Circuit.

Jan. 19, 1982.

John E. Farrow, Albuquerque, N. M. (Steven R. Fairfield, Albuquerque, N. M., with him on the brief) of McCallister, Fairfield, Query, Strotz & Stribling, Albuquerque, N. M., for defendants-appellants.

Larry D. Patton, Oklahoma City, Okl. (Thomas A. Williams, Oklahoma City, Okl., on the brief) of Drummond, Patton, Williams & Tullius, Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT, BREITENSTEIN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Yarbrough brought this diversity action in Oklahoma to recover damages from Elmer Bunker & Associates, a sole proprietorship doing business in New Mexico, and Elmer Bunker, a New Mexico resident (hereinafter collectively referred to as "Bunker"). Yarbrough claimed that Bunker had fraudulently turned back the odometer of a used automobile which Yarbrough subsequently purchased from a third person. A jury trial resulted in a verdict against Bunker for $1,995.00 in actual damages and $10,000 in punitive damages.[1] On appeal, Bunker contends that the district court did not have *in personam* jurisdiction. We agree.

The following undisputed facts form the basis for our resolution of the personal jurisdiction issue in this case. Bunker purchased the automobile in question from an entity in New Jersey in 1975. At that time the car's odometer showed 76,072 miles. Bunker subsequently sold the car to Villa Oldsmobile through the Lubbock Auto Auction in Texas. At the time of this sale, the odometer mileage was certified by Bunker as 32,110 miles.[2] Villa Oldsmobile sold the

---

1. This action was not brought under subchapter IV of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1981 *et seq.*, which provides a civil remedy for damages resulting from a fraudulent odometer rollback. Under section 1989 of that act, the defrauded party can recover three times actual damages or $1500, whichever is greater. Yarbrough chose instead to file his action under Oklahoma law where he could recover greater punitive damages.

2. The transferor of a vehicle is required to provide to the transferee a written statement of the odometer mileage indicated on the vehicle. 15 U.S.C. § 1988.

car to O & K Auto Sales of Oklahoma City. Yarbrough thereafter purchased the car from O & K in Oklahoma. The odometer then registered 33,810 miles, and Yarbrough received an odometer statement to that effect from O & K.

The uncontroverted evidence established that Elmer Bunker resides in New Mexico and has never transacted any business in Oklahoma. Elmer Bunker & Associates does business in New Mexico, has its principal offices there, and has never done any business in the State of Oklahoma. The record shows absolutely no conduct by Bunker undertaken in the forum state, or any revenue derived from goods used in Oklahoma. In fact, there is no evidence that any automobile sold by Bunker ever found its way to Oklahoma except for the one involved in this lawsuit.

██ Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state. *See* Fed.R. Civ.P. 4(e); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1385 (10th Cir. 1980). "The test for exercising long-arm jurisdiction in Oklahoma is to determine first

whether the exercise of jurisdiction is authorized by statute and, if so, whether such exercise of jurisdiction is consistent with constitutional requirements of due process." *Id.* at 1385–86.

██ The Oklahoma long-arm statutes authorizing personal jurisdiction are 12 Okla. Stat. § 187[3] and 12 Okla.Stat. § 1701.03.[4] Although section 1701.03 adds bases for personal jurisdiction to those provided by section 187, the statutes are essentially co-extensive for our purposes here. *See Burchett v. Bardahl Oil Co.,* 470 F.2d 793, 796 (10th Cir. 1972). Yarbrough has the burden of pleading and proving the existence of facts supporting his invocation of the jurisdiction of the court. *See Acme Equipment Co. v. Metro Auto Auction of Kansas City, Inc.,* 484 F.Supp. 219, 220 (W.D.Okla.1979); *Union Bank v. Ferris,* 587 P.2d 454, 455 (Okla.1978).

██ The only long-arm provision arguably applicable to the facts before us is section 1701.03(a)(3), which provides jurisdiction over a cause of action arising from defendant's "causing tortious injury in this state by an act or omission in this state."[5] Yarbrough contends that the misrepresen-

---

**3.** 12 Okla.Stat. 187(a) provides:

"(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this STATE;

(2) the commission of any act within this State;

(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE;

(4) contracting to insure any person, property, or risk located within this State at the time of contracting."

**4.** 12 Okla.Stat. 1701.03(a) provides:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or things in this state;

(3) causing tortious injury in this state by an act or omission in this state;

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(5) having an interest in, using, or possessing real property in this state; or

(6) contracting to insure any person, property, or risk located within this state at the time of contracting; or

(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

**5.** It is readily apparent that 12 Okla.Stat. § 1701.03(a)(4) does not suffice to provide *in personam* jurisdiction. Under that section, the claim must arise from defendant's "causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits

tation shown on the odometer is a continuing one that is made wherever the car is located; therefore, the misrepresentation was made to Yarbrough in Oklahoma. Under this theory, Bunker committed an act in the nature of a continuing tort in the forum state within the meaning of section 1701.-03(a)(3). We disagree.

In an action based on fraud, the fraudulent acts of the defendant are those acts which create the misrepresentation. *See State Ex Rel. Southwestern Bell Telephone Co. v. Brown*, 519 P.2d 491, 495 (Okla. 1974). In this case, the acts took place in New Mexico or Texas where the odometer was turned back and the corresponding written statement of odometer mileage was signed by Bunker. Yarbrough's assertion that the acts actually occurred in the state where he perceived the resulting misrepresentation is a fiction we are convinced the Oklahoma Supreme Court would refuse to accept under section 1701.03(a)(3). *See World-Wide Volkswagen Corp. v. Woodson*, 585 P.2d 351, 353–54 (Okla.1978), *rev'd on other grounds*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Under Yarbrough's theory, a defendant's amenability to suit would travel with the chattel that incorporates the tortious act. Even assuming the Oklahoma long-arm statutes were susceptible of such a construction, the exercise of personal jurisdiction on this basis alone has been condemned in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

We hold that Yarbrough has failed to establish *in personam* jurisdiction over Bunker under the relevant Oklahoma statutes as limited by due process considerations. The action is reversed and remanded with directions to dismiss.

---

business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed ..., in this state." As we have previously mentioned, there is no evidence in the record that Bunker had any contact with the State of Oklahoma other than the sale of one car in Texas that eventually found its way to Oklahoma.