**Marshall HAYWORTH and Rhonda Hayworth, Plaintiffs,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant.**

**No. C88–1010J.**

United States District Court, D. Wyoming.

July 25, 1988.

51 O.B.A.J. 2517 (1980).

John Howe, Dallas, Tex., Tom Bancroft, Worland, Wyo., for plaintiffs.

William H. Brown, Casper, Wyo., for defendant.

## ORDER DENYING MOTION
## TO DISMISS

JOHNSON, District Judge.

This is a diversity action brought by the Hayworths against Beech Aircraft Corporation for personal injuries that occurred in Worland, Wyoming, on July 15, 1987, when a landing gear on a Beechcraft 1900 aircraft unexpectedly collapsed, causing Marshall Hayworth to become pinned underneath the aircraft. Marshall Hayworth is a mechanic with Mesa Airlines and was servicing the aircraft at the time of the July 15, 1987, accident. The aircraft that caused plaintiffs' injuries was manufactured and sold by defendant to a Wyoming corporation, Centennial Airlines, which was the predecessor of Mesa Airlines. Marshall Hayworth and his wife, Rhonda Hayworth, filed this action on April 27, 1988, seeking damages under various tort theories. On May 23, 1988, defendant Beech Aircraft Corporation filed a motion to dismiss for lack of *in personam* jurisdiction. For reasons discussed below, the court will deny defendant's motion.

In a diversity action, the law of the forum state determines whether a federal court has in personam jurisdiction over a nonresident defendant. *Rambo v. American Southern Insurance Company*, 839 F.2d 1415, 1416 (10th Cir.1988). Whenever a statute permits the exercise of long arm jurisdiction, the court must determine "whether such exercise of jurisdiction is consistent with the constitutional requirements of due process." *Yarbrough v. Elmer Bunker & Associates*, 669 F.2d 614, 616 (10th Cir.1982). Wyoming's long arm statute permits the exercise of personal jurisdiction on any basis consistent with the Wyoming or United States Constitutions. Wyo.Stat. § 5–1–107 (1977). Thus, the court's inquiry is whether exercise of personal jurisdiction is consistent with the constitutional requirements of due process.

When a motion to dismiss for lack of personal jurisdiction is decided on affidavits and other written materials, as in this case, the plaintiff must only make a prima facie case establishing the court's jurisdiction over the defendant. *Behagen v. Amateur Basketball Association of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). The court must accept plaintiff's allegations if uncontradicted by defendant's affidavits. *Id.* "If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.*

*In personam* jurisdiction is a court's power "to *compel* citizens of a sister state to submit to its process." *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 373 (5th Cir.1987) and such jurisdiction can be specific or general. *Rambo*, 839 F.2d at 1418. A court exercises specific jurisdiction over a defendant in a lawsuit whenever the lawsuit relates to or arises from the defendant's contacts with the forum. In contrast, a court exercises general jurisdiction over a defendant whenever the lawsuit is unrelated to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & nn. 8 & 9, 104 S.Ct. 1868, 1872 & nn. 8 & 9, 80 L.Ed.2d 404; *see also Rambo*, 839 F.2d at 1418.

In a diversity action, this court's exercise of *in personam* jurisdiction over a non-resident defendant is limited by the due process clause of the fourteenth amendment in that there must exist minimum contacts between the defendant and the forum state. *World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). When minimum contacts exist, the court must determine whether assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). A nonresident defendant need not *physically* enter the forum state to establish minimum contacts. *Id.*, 105 S.Ct. at 2174. The absence of

physical contacts with the forum state is irrelevant if "a commercial actor's efforts are 'purposefully directed' toward residents of another state." *Burger King*, 105 S.Ct. at 2184. A non-resident establishes minimum contact with a forum state whenever he engages in actions purposefully directed at the forum state. *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987).

■ Generally, this occurs whenever the foreign defendant's contact with the forum results from a product sold or manufactured by the defendant, provided that the court finds that the product caused harm in the forum state and that the defendant placed the product into the stream of commerce "with the expectation that it would be purchased by or used by consumers in the forum state." *Bearry*, 818 F.2d at 374. In *Asahi*, however, a plurality found that a defendant does not establish minimum contacts with the forum merely by placing a product into the stream of commerce. Rather, a foreign defendant establishes such contacts when, in addition to placing the product into the stream of commerce, he "design[s] the product for the market in the forum state, advertise[s] in the forum state, establish[es] channels for providing regular advice to customers in the forum state, or market[s] the product through a distributor who has agreed to serve as the sales agent in the forum state." *Asahi*, 107 S.Ct. at 1033.

■ Once the court determines that minimum contacts exist, it must decide whether assertion of personal jurisdiction comports with fair play and substantial justice. *Burger King*, 105 S.Ct. at 2184. In deciding this issue, the court must consider the burden on the defendant, the plaintiff's interest in obtaining convenient and effective relief, the forum state's interest in adjudicating the dispute, and "the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the interests of the several states in furthering fundamental substantive social policies." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 292, 100 S.Ct. at 564.

■ The reasonableness of a court's exercising jurisdiction depends on an evaluation of these factors. *Asahi*, 107 S.Ct. at 1034. In its brief, defendant argues that this court lacks personal jurisdiction over it because it has no contact with Wyoming. According to defendant, one accident involving its product in Wyoming is not a sufficient enough contact to permit this court to exercise personal jurisdiction.

In support of its argument, defendant points out that it is a Delaware corporation that manufactures aircraft in the state of Kansas. Defendant is not authorized to conduct business in Wyoming and has never maintained any offices, warehouses, or other facilities or place of business in Wyoming. Defendant has no telephone listing in Wyoming; it has no employees in Wyoming, nor any sales representatives; additionally it owns no real estate in Wyoming and it has not entered into contracts in Wyoming. The airplane, which caused plaintiff's injuries, was sold and delivered to Centennial Airlines in Wichita, Kansas, on December 12, 1986.

Although defendant sold the airplane at issue in Kansas, it nevertheless placed that product into interstate commerce by selling it to a known out-of-state customer. Further, defendant advertises in Wyoming and thereby solicits business in the state. Defendant has advertisements in the yellow pages of both the Casper and Cheyenne, Wyoming, telephone directories; and defendant regularly offers to send its personnel to purchasers of its aircraft at the buyer's place of business. According to the affidavit of Thomas C. Bancroft, defendant sent some of its personnel to Wyoming to familiarize Centennial's employees with the aircraft that caused plaintiff's injuries. Defendant also provided maintenance instructions to Centennial Airlines for the aircraft that caused plaintiff's injuries. Additionally, in 1986, defendant sent a safety communique to Centennial, alerting it of the dangers in servicing the landing gear on the Beechcraft 1900.

Although these are not systematic and continuous contacts, they are nevertheless

sufficient to support this court's exercise of specific *in personam* jurisdiction over defendant. *See, e.g., Bearry,* 818 F.2d at 375 ("[i]n specific jurisdiction cases, the defendant may have, at minimum, one contact with the forum state—the product or conduct that caused injury there."). A court as previously noted, exercises this type of jurisdiction whenever a plaintiff's cause of action arises from the defendant's contact with the forum. *Helicopteros Nacionales de Colombia,* 466 U.S. at 414 & n. 8, 104 S.Ct. at 1872 & n. 8 (1984); *Rambo,* 839 F.2d at 1418. Plaintiffs' personal injury action is related to defendant's minimum contacts with Wyoming and therefore this court concludes that it has proper *in personam* jurisdiction over defendant. *See also Burger King,* 105 S.Ct. at 2183 ("[j]urisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state.") (citation omitted); and *Bearry,* 818 F.2d at 374 ("[w]hen a cause of action relates to the defendant's contact with the forum the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper....").

Defendant argues that the Supreme Court's decision in *World–Wide Volkswagen* requires that this court find it lacks personal jurisdiction. In *World–Wide Volkswagen,* New York residents were driving their new automobile on an interstate highway in Oklahoma when the gas tank ruptured, causing them to sustain burn injuries. They filed a personal injury action in Oklahoma state court against a New York car retailer, from whom they had purchased the automobile, the distributor for the New York–New Jersey–Connecticut area, the auto manufacturer, and the national importer. The Supreme Court held that Oklahoma courts lacked personal jurisdiction only over the New York auto retailer and the tri-state distributor because their only contact with Oklahoma resulted from a consumer's decision to drive there. In dictum, however, the court permitted assertion of personal jurisdiction over the other two defendants because they, like Beech, catered to a national market. Thus, the court's decision in *Volkswagen* does not support plaintiffs' argument for dismissal.[1]

Additionally, the court finds that it would not be unfair for this court to exercise its specific *in personam* jurisdiction over defendant. The burden placed upon the defendant to defend itself in Wyoming is not so severe as to overcome an assertion of specific jurisdiction. *Bearry,* 818 F.2d at 377. The state of Wyoming has a distinct interest in adjudicating this dispute and plaintiffs have a strong interest in obtaining convenient and effective relief. Although plaintiffs are now residents of the state of New Mexico, it appears that important fact witnesses live in Wyoming. Finally, the interest of the several states weighs in favor of this court exercising *in personam* jurisdiction because Wyoming has an interest in providing a convenient forum to persons who are injured in Wyoming.

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of *in personam* jurisdiction is DENIED.

---

1. In support of his argument, defendant also relies on *Bearry v. Beech Aircraft Corporation,* 818 F.2d 370 (5th Cir.1987); *Markby v. St. Anthony Hospital Systems,* 647 P.2d 1068 (Wyo. 1982); and *Cozzens v. Piper Aircraft Corporation,* 514 P.2d 1375 (Wyo.1973). These cases, however, do not support defendant's argument because they involved attempts to assert general *in personam* jurisdiction over a defendant. In each of those cases, plaintiff's cause of action was unrelated to the defendant's contact in the forum state. Defendant's contact in the forum was slight and therefore insufficient to allow a Wyoming court to assert personal jurisdiction over defendants in a cause of action unrelated to defendant's activities within Wyoming. Finally, defendant relies on *Prehoda v. Edward Hines Lumber Company,* 399 F.Supp. 643 (D.Wyo.1975) where the district court dismissed a complaint for lack of personal jurisdiction. However, the validity of that case is doubtful in light of recent Supreme Court's decisions discussing the distinction between specific and general jurisdiction. Further, the court never addressed the issue whether it could properly exercise specific *in personam* jurisdiction.