James D. MEREDITH, and Esther L. Meredith, Plaintiffs,

v.

HEALTH CARE PRODUCTS, INC., d/b/a Anderson Pharmacals; Barbara W. Larkins as an Officer and Agent of Health Care Products, Inc., d/b/a Anderson Pharmacals; Elbert Carl Anderson, Jr., as an Officer and Agent in Health Care Products, Inc., d/b/a Anderson Pharmacals; Ronald E. Anderson, as an Officer and Agent of Health Care Products, Inc., d/b/a Anderson Pharmacals; Barbara W. Larkins as an Officer and Agent of Anderson Pharmacals; Elbert Carl Anderson, Jr., as an Officer and Agent of Anderson Pharmacals; Ronald E. Anderson, as an Officer and Agent of Anderson Pharmacals; Health Care Products, Inc., d/b/a Cal–Ban 3000; Barbara W. Larkins as an Officer and Agent of Health Care Products, Inc., d/b/a Cal–Ban 3000; Elbert Carl Anderson, Jr., as an Officer and Agent of Health Care Products, Inc., d/b/a Cal–Ban 3000; Ronald E. Anderson, as an Officer and Agent of Health Care Products, Inc., d/b/a Cal–Ban 3000; Health Care Products, Inc., d/b/a Florida Regional Advertising; Barbara W. Larkins, as an Officer and Agent of Health Care Products, Inc., d/b/a Florida Regional Advertising; Elbert Carl Anderson, Jr., as an Officer and Agent of Health Care Products, Inc., d/b/a Florida Regional Advertising; Ronald E. Anderson, as an Officer and Agent

of Health Care Products, Inc., d/b/a Florida Regional Advertising; Barbara W. Larkins, Individually; Elbert Carl Anderson, Jr., Individually; and Ronald E. Anderson, Individually, Defendants.

No. 91–CV–0086–B.

United States District Court, D. Wyoming.

Nov. 7, 1991.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., and Michael K. Shoumaker, Sheridan, Wyo., for plaintiffs.

Patrick J. Murphy, Williams, Porter, Day & Neville, Casper, Wyo., for defendants.

Kevin H. Graham, Shumaker, Loop & Kendrick, Tampa, Fla., for individual defendants Larkins, Elbert C. and Ronald E. Anderson.

## ORDER

BRIMMER, Chief Judge.

This matter comes before the Court on defendants' motions. The Court, having considered the materials on file both in support of and in opposition to the motions, having considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

## BACKGROUND

The plaintiffs' claims arise out of the purchase and consumption of the dietary supplement known as Cal–Ban 3000. The Food and Drug Administration has prohibited any further sales of this product. The plaintiffs brought this personal injury action against, among others, Barbara W. Larkins, Elbert Carl Anderson, Jr. and Ronald E. Anderson (the "individual defendants"). These individual defendants are the owners, directors and officers of Health Care Products, Inc. (HPC). HPC is the corporation that marketed, advertised, distributed and sold Cal–Ban 3000. The three (3) individual defendants are the sole owners of HPC and as such are in exclusive control of the corporation. The individual defendants' only contact with the State of Wyoming is the sale of Cal–Ban 3000 within the state. The plaintiffs also named HPC as a party, but that entity subsequently filed a petition for Chapter 7 bankruptcy protection.

The plaintiffs allege that the individual defendants have ignored the corporate formalities, participated in fraudulent and tortious conduct and have stripped the corporation of assets. The plaintiffs contend that the individual defendants operated under the guise of a shell corporation without the necessary assets to cover reasonably foreseeable liabilities. Thus, the plaintiffs believe the individual defendants cannot be shielded from personal liability for the acts of HPC.

The individual defendants have filed a Motion to Dismiss for lack of personal jurisdiction as well as a Motion for Summary Judgment. These individual defendants contend that the case against them should be dismissed on the grounds that they do not have the necessary minimum contacts with this forum to justify this Court exercising personal jurisdiction over them. In the alternative, they claim that they are not individually responsible for the acts of HPC and should be entitled to summary judgment.

## STANDARDS FOR REVIEW

In considering a motion to dismiss, this Court must take the allegations of the

pleadings as true and must construe them most favorably to the plaintiff. This Court will not grant a motion to dismiss unless it appears beyond doubt that the plaintiff could prove no set of facts supporting its claim which would entitle it to relief. *Huxall v. First State Bank,* 842 F.2d 249, 250–51 (10th Cir.1988).

Summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981).... Under [Rule 56], the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reason-

ably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511.

*Manders v. Okl. ex rel. Dept. of Mental Health,* 875 F.2d 263, 265 (10th Cir.1989).

## DISCUSSIONS

■ The individual defendants have moved to dismiss for lack of personal jurisdiction. The starting point for analyzing any personal jurisdiction issue is the United States Supreme Court's decision in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The *International Shoe* court held that to exercise personal jurisdiction over a party it must be shown that the party has certain "minimum contacts" with the forum state so as not to "offend traditional notions of fair play and substantial justice." *Id.* at 316, 66 S.Ct. at 158. The plaintiffs must make a *prima facie* showing that the individual defendants have the requisite minimum contacts in order for this case to proceed. *Hayworth v. Beech Aircraft Corp.,* 690 F.Supp. 962 (D.Wyo.1988).

■ Originally, the plaintiffs argued that jurisdiction over these individual defendants could be obtained through piercing the corporate veil. Subsequently, the plaintiffs have argued that the Court need not even address the piercing issue to obtain jurisdiction. The plaintiffs cite *Energy Reserves Group, Inc. v. Superior Oil Co.,* 460 F.Supp. 483 (D.Kan.1978), for the proposition that piercing the veil is not necessary to obtain personal jurisdiction in this instance.

In *Energy Reserves,* Chief Judge Theis [1] held "alter ego" principles no longer play any proper role in the analysis of the constitutional propriety of the exercise of jurisdiction. *Id.* at 490. The *Energy Reserves* case involved obtaining jurisdiction over a subsidiary corporation which had transacted business in the state of Kansas through its parent corporation. The parent corporation wholly owned the subsidiary corporation.

Judge Theis held the jurisdiction question could be resolved "on concepts of fun-

---

1. At the time of the opinion in *Energy Reserves,* Judge Theis was the Chief Judge for the District of Kansas. Judge Theis is currently a Senior Judge for the District of Kansas.

damental fairness and substantial justice" without addressing whether to pierce the corporate veil. *Id.* at 489. The issue of piercing "may be appropriately reserved, if necessary, until the trial on the merits of this action." *Id.* at 490.

In *Grimandi v. Beech Aircraft Corp.,* 512 F.Supp. 764 (D.Kan.1981), Judge Theis once again held that piercing the veil was unnecessary to obtain jurisdiction in a case involving a subsidiary corporation transacting the business of its parent/owner. In *Grimandi,* the parent owned over 97% of the subsidiary's stock, exercised extensive control, the subsidiary had very limited assets and the subsidiary only transacted business through the parent. The court held that it was improper to resolve the question of piercing when attempting to determine jurisdiction. *Id.* at 769. The court found that the out-of-state defendant had "purposefully sought and foreseeably benefitted from its active relationship with an affiliated corporation that transacted business in the forum giving rise to the plaintiffs' claims." *Id.* at 769 (citing *Energy Reserves,* 460 F.Supp. at 514). Thus, personal jurisdiction over the defendant was proper.

In *Hoffman v. United Telecommunications, Inc.,* 575 F.Supp. 1463 (D.Kan.1983), the court held that:

> [T]he alter ego and minimum contacts tests bear little relation to each other. Although the factors which indicate those circumstances under which a subsidiary corporation and its parent or owner may be treated as one for purposes of liability are significant in gleaning from the record whether the formal corporate separation has been maintained, these factors have little relation to those which bear upon the due process fairness question of requiring a defendant to answer in the forum.

*Id.* at 1470–1471. Judge Saffels determined that the corporate factors represent only one aspect of the non-resident's ties to the jurisdiction. *Id.* at 1471. The other factors include: (1) inconvenience to the defendant of the forum; (2) concerns of fair and orderly administered laws; (3) whether the claim asserted arose in the forum; (4) the amount of revenue the non-resident derives from the affiliated corporation's business in the forum; and (5) the amount of direction the non-resident gives the affiliated corporation. *Id.* Thus, a balancing of factors is required to determine the jurisdictional question.

"The existence of jurisdiction under *International Shoe* depends on a 'sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in the forum.'" *Energy Reserves,* 460 F.Supp. at 502 (quoting *Kulko v. Superior Court,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978)). It is the court's duty to weigh the relevant factors to determine if it is reasonable and fair to require the defendant to answer in the forum. *Id.* Because the jurisdictional question requires the balancing of many factors, the formal separation of corporate identities does not alone raise a bar to the court exercising jurisdiction. *Id.* at 490.

In this case, if the Court accepts plaintiffs' allegations to be true, the balancing factors lean toward the Court finding personal jurisdiction exists. The individual defendants were the sole owners of HCP, just as the parents were the owners of the subsidiary corporations in the above-cited cases. The individual defendants were in exclusive control of HCP. HCP did transact business in the forum. It has been further alleged that these individual defendants have used the corporation as a mere shell to defraud creditors. The plaintiffs also allege that the individual defendants have improperly converted HCP's assets.

Weighing all these factors, the Court finds that the exercise of jurisdiction over these individual defendants is proper. The plaintiffs could prove the necessary facts to allow jurisdiction. Thus, the Court must deny the individual defendants' motion to dismiss for lack of personal jurisdiction.

The defendants also moved for summary judgment against the claims of the plaintiffs. Defendants' motion is based primarily on the same claims as the motion to dismiss. These defendants allege that they cannot be held individually liable for the

acts of the corporation. The defendants are correct contending that generally individuals cannot be held responsible for the acts of their corporation. In this case, however, the defendants may be individually liable.

The Tenth Circuit has recognized the doctrine of piercing the corporate veil. *See Doyn Aircraft v. Wylie,* 443 F.2d 579 (10th Cir.1971). The *Doyn* court held that:

> The doctrine of alter ego "fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his own personal business, such liability arising from fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation. Under it the court merely disregards corporate entity and holds the individual responsible for his acts knowingly and intentionally done in the name of the corporation."

*Id.* at 584 (quoting *Kilpatrick Bros., Inc. v. Poynter,* 205 Kan. 787, 473 P.2d 33, 42 (1970)).

In this case the plaintiffs have raised several issues relating to these defendants using HCP merely to conduct their personal business. The plaintiffs have alleged several facts which could justify piercing the corporate veil. Among these allegations are that the defendants undercapitalized HCP and that they withdrew all the assets of the corporation for their own personal use. They further allege fraud and misrepresentation on the part of the individual defendants.

Such allegations present a question of material fact which must be determined by the jury. Thus, it would be improper for the Court to grant defendants' motion for summary judgment. THEREFORE IT IS

ORDERED that the individual defendants' motion to dismiss for lack of subject matter jurisdiction be, and the same hereby is, DENIED. IT IS FURTHER

ORDERED that the individual defendants' motion for summary judgment be, and the same hereby is, DENIED.