Rebecca Fagan FRIELING, Plaintiff,

v.

MALOWEST, INC., d/b/a Cheyenne Cattle Company, Defendant.

No. CIV–92–2112–B.

United States District Court, W.D. Oklahoma.

Feb. 22, 1993.

Mark A. Cox, Norman & Edem, Oklahoma City, OK, for plaintiff.

Norman Lemonik, Abowitz & Welch, Oklahoma City, OK, for defendant.

## ORDER OF TRANSFER

BOHANON, District Judge.

Before the court is the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), or alternative motion to transfer under 28 U.S.C. § 1406, filed by Defendant Malowest, Inc., on January 22, 1993. Plaintiff, in turn, filed her response on February 3, 1993. The motion came on for hearing on February 19, 1993, at which time the parties offered oral argument in support of their respective positions. After careful review of the motion, supporting brief, Plaintiff's response thereto, and having heard the argument of counsel, the court finds that this court does indeed lack personal jurisdiction over Defendant, but that, in the interests of justice, the case should be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406.

Defendant is a Texas corporation whose sole enterprise is a night club in Wichita Falls, Texas, operated under the name of Cheyenne Cattle Company. Wichita Falls, Texas, is approximately seventeen miles from the Oklahoma/Texas border. Plaintiff, an Oklahoma citizen, has brought suit against Defendant alleging that it served one of its patrons alcoholic beverages when the patron was noticeably intoxicated. Plaintiff was allegedly injured in an accident while riding as a passenger in the intoxicated patron's vehic-

le. This suit arises as a result of injuries Plaintiff sustained in the accident.

■ In this diversity action, Malowest brings its motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure arguing that this court lacks jurisdiction over the person of Malowest since there exists insufficient minimum contacts between the forum state, Oklahoma, and Malowest. "Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state." *Yarbrough v. Elmer Bunker & Assoc.*, 669 F.2d 614, 616 (10th Cir.1982). The applicable Oklahoma long-arm statute provides, "A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." Okla.Stat. tit. 12, § 2004 F. Thus, a federal court in Oklahoma is required to determine whether the exercise of personal jurisdiction is consistent with the constitutional requirements of due process.

The due process standard for a court's rendering judgment *in personam* was articulated in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Id.* at 316, 66 S.Ct. at 158 (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 362–63, 85 L.Ed. 278 (1940)). To require a corporation to defend a suit away from its place of incorporation or other jurisdictions where it conducts substantial activities "has been thought to lay too great and unreasonable a burden on the corporation to comport with due process." *Id.*, 326 U.S. at 317, 66 S.Ct. at 159.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985) (*quoting International Shoe*, 326 U.S. at 319, 66 S.Ct. at 159–60). Incorporated in the "minimum contacts" test is a requirement that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The "purposeful availment" test ensures that a defendant will not be haled into another jurisdiction solely because of contacts which are "random," "fortuitous," or "attenuated." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984).

Once a federal court determines that the defendant purposefully established minimum contacts with the forum, other facts are considered to determine whether the assertion of personal jurisdiction comports with the "fair play and substantial" justice standard enunciated in *International Shoe*. This court will not, however, address those factors because it finds that Malowest has not "purposefully availed" itself of doing business within Oklahoma.

■ Applying these principles to the case at hand, this court concludes that due process requirements preclude this court's exercise of jurisdiction over the person of Malowest. The corporation's sole business enterprise is located in Wichita Falls, Texas, and it conducts no business within the State of Oklahoma. In support of her argument with regard to "purposeful availment," Plaintiff relies on the fact that Malowest advertises on Texas radio stations which, because of Wichita Falls' close proximity to Oklahoma, spill over into Oklahoma. Plaintiff asserts that this advertising constitutes Malowest's "purposeful availment" of doing-business within the State of Oklahoma. This court does not agree, however, and finds that any advertising spill over is simply the result of contacts which are fortuitous and attenuated. "Fortuitous" and "attenuated" contacts are insufficient to establish minimum contacts. *See Keeton*, 465 U.S. at 774, 104 S.Ct. at 1478. Therefore, the court concludes that it may not, consistent with the due process clause, exercise personal jurisdiction over the person of Malowest.

However, rather than granting Malowest's motion to dismiss, the court determines that, in the interests of justice, transfer of this action to the United States District Court for the Northern District of Texas, Wichita Falls division, pursuant to 28 U.S.C. § 1406, is appropriate.

IT IS THEREFORE ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Texas, Wichita Falls Division. The clerk is directed to accomplish such transfer forthwith.